HENRY M. BRY, Under-tutor, *v.* JOHN DOWELL, Executor.

It is the duty of an executor, when rendering his accounts, to disclose the name of the heir to the succession, and require that he be cited through his tutor or under-tutor.

On an opposition by the under-tutor of a minor heir to the homologation of the account of an executor, who was also tutor to the minor, the latter cannot object to proof of his tutorship, when offered by the opponent, on the ground that such tutorship was not alleged in the opposition. So soon as his right to oppose the account was contested, the under tutor was bound to show that there existed such an opposition of interest between the minor and his tutor, as made it his duty to appear on behalf of the former; and this could not be done without showing that the executor was himself the tutor of the minor, to whom he was rendering an account.

Where an under-tutor, in behalf of a minor, opposes the homologation of the accounts of an executor, it will be presumed that the estate has been accepted according to law, otherwise the minor would be without any interest in the matter.

The decree of a court of probate homologating the accounts of a tutor, rendered contradictorily with the under-tutor, is not conclusive against the minor, who has a certain time after majority within which to examine and contest them; and the court can in no way discharge the tutor, while the law makes him responsible to his pupil.

An executor is entitled to his discharge at the expiration of one year; his accounts cannot remain open, and his responsibility be continued for a number of years; and when they have been once settled by the court of probates, contradictorily with the heirs of age, or minors represented by their tutors or under-tutors, the decree will be as final and binding on such heirs as any judgment in an ordinary suit, to which they may have been parties.

Where an executor is also tutor to the minor heir, his accountability to him as executor, should be finally determined before he enters upon his administration as tutor, which is to last until the majority of his ward.

APPEAL from the Court of Probates for the parish of Ouachita, *Leamy*, J.

MORPHY, J. Nancy Kirkpatrick, by her last will and testament, appointed the defendant her executor, and at the same time, tutor to her only son, James Strong, a minor. He accepted these trusts, and qualified in both capacities. After administering on the estate, he filed his account as executor, praying for its homologation, for his discharge as executor, and for a judgment against the estate for a balance of $2508 82. Plaintiff, acting as under-tutor to the minor, under an appointment of the court of probates, opposed this account on a

variety of grounds, several of which were sustained by the judge below, who gave a judgment against the executor for $3126 05½, due the estate, with five per cent interest from the date of its rendition.   The executor appealed.

On the trial, several bills of exceptions were taken, which we will proceed to notice.   The defendant having excepted to plaintiff's right to oppose his account, evidence was offered by the latter to prove that defendant was the tutor of the minor heirs of the deceased, to whom he was rendering an account of his administration as executor; but this evidence was objected to, on the ground that plaintiff's opposition did not allege this fact.   The objection was properly overruled.   It came with singular bad grace from the defendant, whose duty it was, when rendering his account, to have disclosed the name of the heir of the succession, and to have required him to be cited through his under-tutor.   It was not necessary for plaintiff to allege the tutorship of the defendant, in his opposition.   As soon as his right to oppose the account was contended, he was bound to show that there existed such an opposition of interest between the minor and his tutor, as made it his duty, as under-tutor, to appear on behalf of the former ; and this he could not do without showing that the executor was himself the tutor of the minor, to whom he was rendering this account.   It has been contended that an under-tutor is without authority to oppose, in the name of a minor heir, the accounts of an executor, because such a step might amount to an acceptance of the estate, which cannot take place, without the advice and consent of a family meeting, and that any judgment which might be rendered would not be conclusive, and binding on the minor, who could, on becoming of age, open and contest the accounts.   When an under-tutor deems it his duty to contest an executor's account on behalf of a minor, we are bound to suppose the estate has been accepted according to law, otherwise the minor would be without any interest in the matter. In this case, the record shows a large amount of property on hand, independent of the monies the executor has to account for. As to the effect of the decree in such a case, the defendant has treated it as a final one by bringing up this appeal, and such we consider it to be.   We have said in relation to accounts rendered by tutors, contradictorily with the under-tutor, that the decree of a

court of probates homologating them, is not conclusive on the minor, who, after his majority, has a certain delay to examine and contest them ; and that the court can, in no case, discharge the tutor, while the law makes him responsible to his pupil. 10 La., 329. Civ. Code, 356. But it is quite different with an executor, who, at the expiration of one year, is entitled to his discharge. His accounts cannot remain open, and his responsibility suspended for a number of years. When his accounts are settled and passed upon by the court of probates, contradictorily with the heirs of age, or minors, represented by their tutors or under-tutors, as the case may be, the decree is as final and binding on such heirs as any judgment in an ordinary suit, to which they may have been parties. Civ. Code, 301. 2 La., 148. 7 Id., 389.

. The plaintiff next offered evidence to show that, as alleged in his opposition, there were nine bales of cotton of the crop of 1839, the proceeds of which had not been accounted for. The defendant objected to any evidence being given in relation to any item not included in his account, because he had alleged that he had accounted for all the funds that had come into his hands, and because it was his intention, as soon as he should be released as executor, to administer the estate as tutor of the minor, and to account in that capacity, for all other sums that might come into his hands after the rendition of this account. The court, in our opinion, properly overruled this objection. The defendant received this cotton' as executor, it was his duty to sell it, and to account for its proceeds in this settlement ; his accountability to the minor heir, as executor, should be finally determined before he enters upon his administration as tutor, which is to last until the majority of his ward. It would be difficult for the latter, after a number of years, to procure evidence to establish his just claims against the defendant as executor, supposing that he could at all exercise them, after the final judgment and discharge prayed for in this case.

Another bill of exceptions was taken to the opinion of the judge below, who heard witnesses, offered by the plaintiff, to prove that the executor had employed the hands belonging to the estate in clearing lands of his own, and thereby to charge him with the value of the services rendered to himself individually. We see no error in this. The executor was bound to make these slaves labor

for the benefit of the estate, or to hire their services, if not wanted on the plantation ; instead of doing so, he has employed them for his individual advantage, and is bound to account for their hire, which is so much money converted to his own use. This case exhibits strong evidence of the wisdom of that provision of our laws which has provided for minors a second protector, when there arises a conflict of interest between them and the one to whom they are entrusted by law, or the will of their deceased parents.

We have carefully examined the numerous items of the account before us, and the evidence in support of them.   The judge has rejected many charges and reduced others, and we have not found, in his various decisions in relation to them, any error which requires our interference ; but in summing up the charges allowed, he has committed two errors, to the prejudice of the defendant, amounting together to $556 80, which must be corrected.

It is therefore ordered that the judgment of the court of probates be so amended as to decree against the executor the sum of $2569 25½ cents, instead of $3126 05½, with interest and costs below, those of the appeal to be borne by the estate.

*Garrett*, for the plaintiff.

*McGuire* and *Ray*, for the defendant and appellee.