9 505|
47 130|

## SUCCESSION OF HARGROVE—Opposition to Tutor's Account.

A tutor is entitled to commissions on the net and not the gross amount of the proceeds of sales of crops made on the minors' plantation, under Art. C. C. 342.

APPEAL from the District Court of the Parish of Avoyelles, *Cushman,* J. *J. P. & W. W. Waddell,* for petitioner and appellant. *Cullum,* for opponents.

VOORHIES, J. *Jacob G. Keller* and his wife, *Martha C. Hargrove,* both died, leaving a large estate, consisting of a plantation, aratory utensils, slaves, horses, mules, oxen, &c., estimated at upwards of sixty thousand dollars. In October, 1850, *Mathew Vernon* was appointed dative tutor to the minors *Amelia Keller, Susan Keller,* and *George Keller,* sole issue of said marriage. By the advice of a family meeting, all the property of the estate was preserved in kind and administered by the tutor for the benefit of the minors. The minor, *Amelia Keller,* having been emancipated by her marriage with *Lewis A. Webb,* an account of the tutorship was rendered to her.

The only item disputed in the account is, that for the commission of the tutor on the gross amount of the proceeds of the sales of the crops made on the plantation. It is contended by the appellee, that this charge or commission should be limited to the net proceeds of the crops.

The charge is based on Article 342 of the Civil Code, which declares : " The tutor may retain as his commission for his care and labor, ten per cent. on the annual amount of the revenues of the property committed to his charge." The question which arises under this article, apparently plain in its meaning, is by no means free from difficulty. If it be conceded that the gross amount of the proceeds of the sales of the crops constituted the revenues, then it would be perfectly clear, under this article of the Code, that the commission was properly charged by the tutor. But is it so ? The Judge *a quo,* in support of his views that the commission should be limited to the net proceeds, adverts to the Code of 1808, and the Statutes of 1809 and 1811, in connection with this article. The Code of 1808, required the property of minors to be

sold, and the proceeds to be placed at interest. This was modified by the Statute of 1809, by allowing the father or mother, acting as the tutor or tutrix of the minor, to retain the property in kind. Under the 6th section of that Act, the tutor was entitled to claim a commission of ten per cent. on the annual revenues for his administration on the minor's estate, previously deducting therefrom all expenses, &c. By the Act of 1811, the tutor's commission was limited to the net proceeds of the minor's estate. Be this as it may, we consider these provisions to be abrogated, as the case under consideration has been specially provided for in the Code of 1825, to which alone we must look for the law. Upon mature consideration, however, we are of opinion, that the Judge *a quo* did not err in his conclusion, that the net proceeds of the sales of the crops must be considered as the revenues meant under the provisions of that article.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.