<em>Armitage v. Barrow.</em>

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Succession of Pomponeau—Pugh, Appellant

*W. W. Pugh, who was the tutor of the minor heirs of A. Pomponeau, was also executor of her last will. The succession, when opened, was indebted to an amount nearly equal to the inventory. Held: That the executor is entitled to two and one-half per cent. commission on the inventory, and the additional sum of ten per cent. on the proceeds of the annual crops, as commission for his services as tutor to the minor heirs.*

APPEAL from the District Court of Assumption, *Cole*, J. *C. A. Johnston* and *Gentile*, for plaintiff. *J. C. & A. Beatty*, for defendant and appellant.

Spofford, J. *W. W. Pugh*, who was tutor of the minor heirs of *Augustine Pomponeau*, was also executor of her last will.

He has administered the succession in the capacity of executor for several years. He rendered an account, in which he charged two and one-half per cent. on the original inventory, for his commissions as executor, and the additional sum of ten per cent. on the proceeds of the annual crops as a commission for his services as tutor to the minor heirs. Upon opposition by the heirs, the District Judge rejected his claim for commissions at ten per cent. upon the proceeds of the crops which came into his hands as executor, but allowed him two and one-half per cent. The executor has appealed.

There is no error in this judgment. The succession, when opened, was indebted to an amount nearly equal to the inventory. The beneficiary heirs really owned nothing but the balance that might remain after payment of the debts. The crops were not their revenues, but went to satisfy the creditors of their

SUCCESSION OF        ancestor.  For his trouble in administering the succession, the law fixed the
POMPONEAU.
                 compensation of the executor.  That trouble was not enhanced by the fact
                 that he was at the same time, tutor of the minors who had a contingent and
                 eventual interest in the estate.

                    We see no reason to doubt the correctness of the decision in the case of
                 *Heath* v. *Lambeth*, 3 An. 368, upon a point similar to the one raised by the
                 appellant here.

                    The principle upon which the case turns, is not affected by any provision in
                 the Act of March 18, 1809.  See B. & C. 580, § 6.

                    Judgment affirmed, with costs.