## No. 6966.

ROSE L. GOUX ET AL. VS. JOSEPH MOUCLA.

| 30 | 743 |
| 52 | 883 |

Where there is an administration of a succession, the estate does not legally pass to a tutor, until the administrator renders his final account.

When the same person is at the same time administrator, and also tutor of a part of the heirs, his possession of the estate must be held to be as administrator.

The bond of an administrator inures to the benefit of the heirs, as well as of the creditors of the deceased.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Voist, J.*

*E. J. Joffrion, L. J. Ducoté,* and *H. C. Myers* for plaintiffs and appellees.

*A. & W. Voorhies* for defendant and appellant.

The opinion of the court was delivered by ·

SPENCER, J. Claudine Berge died in 1857. She was three times married, leaving one child by her first husband, Penchene, and three by her second husband, Goux. Her third husband, Benjamin P. Delavallade, survived her. At her death the first named child, a daughter, was a major and married; the other three minors. The husband, Delavallade, was appointed on seventh December, 1857, dative tutor without bond of the three minors Goux; and on tenth December, 1857, was appointed and qualified as administrator of his deceased wife's estate, giving bond as such with Joseph Moucla and Laurent Normand as sureties.

In 1869 Benj. P. Delavallade filed what purports to be final accounts as administrator, one of the community existing between him and his deceased wife, and one of the separate estate of the wife. These accounts were opposed by Rose L. Goux, one of the heirs, and her husband. The pleading, proceedings, and evidence in these oppositions were not offered in evidence, only the accounts and the judgment

the oppositions. The judgment is elaborate and prepared with precision and intelligence, and was, we must presume, rendered on proper issues and with proper parties. It decrees against the accountant on the account of the "community" a balance of $1507 30, one half of which he is adjudged to pay to the heirs of Claudine Berge, say $753 65, and on the account of "separate estate" of the wife, it decrees a balance against him in favor of said heirs of .................................$2176 39

Making total.........................................$2930 04 and costs. This judgment was rendered fifth June, 1871.

In 1875 execution issued against Delavallade on this judgment, and his property was seized and sold, realizing net $1126 75. It was bought by plaintiffs in the present suit and bid paid by credit on the writ.

The present suit is brought by Rose L. and Louis Paul Goux (the third child having died intestate and in minority), to recover of the defendant Moucla, as surety of the administrator, the balance of said judgment. Ernestine Penchene, child by the first marriage, intervened and claimed to be owner of one fourth of her mother's estate, and one sixth of her deceased half sister's share therein, and asking to have the plaintiffs charged with the property of the administrator bought in by them.

The defendant answered by general denial, but admitting that "said Delavallade was duly appointed and qualified as administrator of the succession of Claudine Berge on tenth December, 1857, and that he and Normand signed the bond as sureties, etc.," but denies liability, since "said Delavallade as administrator aforesaid rendered a final account of his administration of said succession on the fifth of June, 1871, at which time the responsibility of said administrator as well as those of his sureties was duly shown and ceased as to said plaintiffs particularly, for whom said Delavallade was dative tutor." That the bond "was given exclusively for the benefit of the creditors of said estate," and when they were paid the bond "was null." He pleads in this court the prescription of four, five, and ten years.

There is no attempt on the part of the surety to show that the judgment against Delavallade was excessive, but that the amount due to the plaintiffs is due by him as tutor, and that the suretyship does not extend to the acts of the tutorship. Delavallade seems to have acted, during his administration from 1857 to 1871, in both capacities, but it must not be forgotten that a large portion of this estate belonged to the intervenor, a child of the deceased, and never under his tutorship. There were several thousands of dollars of debts. In fine, it is proved, and is besides admitted by the defendant, that Delavallade rendered his account as administrator; that he was duly appointed and qualified as

Goux vs. Moucla.

such. Under these admissions, it does not lie in the mouth of defendant to deny that letters of administration were issued to him, or that he administered as administrator.

When there is an administration, the estate does not legally pass to a tutor until the administrator renders his final account. Where the same person is administrator, and also tutor of a part of the heirs, his possession of the estate must be held to be as administrator. Of one of the heirs he was, in this case, never tutor, and of one of them, Rose L. Goux, and perhaps of the other, his tutorship had ended before his account as administrator was rendered. The bond of an administrator inures to the benefit of the heirs as well as of the creditors of the deceased.

It is suggested that there is no proof that the remedies against the principal have been exhausted. No such defense was made in the pleadings, and no proof offered to show that Delavallade (who is now dead) had other property. The return of execution against him unsatisfied creates a contrary presumption.

We see no error in the judgment as against the defendant, and think the plea of prescription not well taken.

The judgment as between plaintiffs and intervenor can not be amended, as the intervenor has not appealed or sought any modification as to her.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed with costs.