No. 11,654.

SUCCESSION OF BERNARD MILMO.   OPPOSITION OF HEIRS OF MILMO.

A person holding at one and the same time the position of testamentary executor of an estate and tutor of the minor heirs therein, can not receive and disburse a fund in the capacity as *executor* and charge commissions upon the fund as being in his hands as *tutor*.

APPEAL from the Nineteenth Judicial District Court, Parish of Iberia.   *Voorhies, J.*

Bernard Milmo died April 1, 1891, leaving as issue with his predeceased wife four minor children, Baxter Milmo, Walter Milmo, Gertrude Milmo and Bernard Milmo. He made a last will and testament, appointing John P. Baxter, of Manistee, Michigan, a maternal uncle of the minors, testamentary executor and tutor of the minors. Baxter accepted the trusts and at once came to Louisiana to qualify and perform the duties thereof.

During the early part of 1894, he was removed from the tutorship, principally for having deposited funds belonging to the minors in a bank out of Louisiana. He was ordered to file an account of his tutorship. This order he obeyed, filing a separate account for each minor. He at the same time filed a provisional account of his gestion as testamentary executor. Subsequently, by consent of all parties in interest, as shown by a statement of facts (agreed to by counsel representing all parties), the account of the executor was amended so as to add a claimed commission of two and a half per cent. and making the account a final one.

It was further agreed that the court should be requested to fix such bond, to be furnished by the heirs seeking to be placed in possession of the property, as would cover any obligations which it might find to exist against the succession of Milmo, and that upon the heirs furnishing this bond they be placed in possession.

To the account filed, an opposition was made by the children of Bernard Milmo, one of whom (Baxter Milmo) is at present a major, and appearing in his own behalf, and as now the tutor of his brother Bernard. The other two children, Gertrude and Walter, have been emancipated. The opposition was specialized to certain items.

From a judgment maintaining the oppositions in part John P. Baxter appealed.

The heirs of Milmo filed a motion for an amendment of the judgment, claiming that the executor should be disallowed all commissions on the "ground that he had failed to file annual accounts, and to invest the funds intrusted to his gestion;" claiming also that "the allowance of four thousand dollars for the fees of Messrs. Mentz and Burke was excessive," and claiming that they "are entitled to interest on the amount in the hands of the executor which he invested in his own name and for his individual benefit."

*Philip H. Mentz* and *Walter J. Burke* for Testamentary Executor and Tutor, Appellant.

*L. O. Hacker* for Opponents, Appellees.

The opinion of the court was delivered by

NICHOLLS, C. J. Counsel of the executor in their brief direct our attention first to the opposition made to the items Nos. 131-198 and 252, amounts paid for pew rent in the Jeanerette Church. The District Judge rejected the opposition to item No. 131, inasmuch as the amount paid under the voucher was for pew rent contracted for by Milmo himself, but he sustained the opposition to the other two items; holding that the rent was due by Baxter individually.

During the period for which rent is claimed the children, with the exception of Baxter Milmo, were absent from the State. The executor was not authorized to incur the obligation. When incurred it was his individual debt.

Appellant complains of the action of the District Court in holding him responsible for an amount of money belonging to the succession, which was in his hands as executor, which he deposited in his own name in the Plankington Bank in Milwaukee, and which bank suspended payment while the money was there on deposit. The deposit

was evidenced by a certificate in the name of John P. Baxter. A run having started upon the bank Baxter withdrew other moneys standing to his credit in the bank, but this particular fund he was unable to withdraw, for the reason that he had transferred the certificate to parties who had become securities on the appeal bond furnished by him as appellant in the partition suits (decided by us at Opelousas), 46 An. 1282, in the matter of the partnership of Milmo, Stokoe & Co., to secure them against the effect of their suretyship. The bank subsequently suspended payment. The executor seeks to justify his course by saying that a part of the fund was in the bank prior to Milmo's death—that there was no State bank in the parish of Iberia, nor was there any bank willing to pay interest on deposits, and that this particular bank was willing to pay three per cent.; that his own money was in the same bank, and that he was seeking what he conceived to be the best interest of the succession. The reasons assigned are insufficient. The executor made the deposit in the Milwaukee bank in his own name, upon his own responsibility and at his own risk. He should be charged and must be charged as if he had never parted with the possession. Baxter vs. Hewes, 45 An. 1065.

Appellant complains of the rejection by the court of a claim advanced by him as tutor for a commission of ten per cent. on ten thousand nine hundred and seventy-six dollars, alleged income of the minors for the year 1891.

In the tutor's account we find the following statement:

*"Active Mass.*

" For the reason that the estate of Bernard Milmo is still under administration and the minors having no separate property of their own, there is, properly speaking, no entry to make as showing assets of the minors

" Their rights are involved in the property of the succession subject to administration and payment of debts, and all the property coming under control of the testamentary executor and tutor has been accounted for in the account rendered heretofore of the gestion of the testamentary executor.

"During the year 1891, in which B. Milmo died, the business of the firm of Milmo, Stokoe & Co. continued under the management of the surviving partners and the testamentary executor and tutor

of the minors.    The share of profits coming to the Milmo estate was fourteen thousand six hundred and thirty-five dollars.    This was not turned over to the testamentary executor and tutor, but remained in the assets of the firm, except to the extent to which the executor has already charged himself, and the proportion of the above amount accruing since the death of Milmo to the end of said year was ten thousand nine hundred and seventy-six dollars."

With this statement of record it is difficult to see upon what ground appellant can set up the claim he does for commission as *tutor*.    It is expressly admitted that no portion of the ten thousand nine hundred and seventy-six dollars went into his hands *as tutor*, and in appellant's testimony he declares these so-called *"profits"* of 1891 were applied to the payment of the *debts* of the *partnership of Milmo, Stokoe & Co*.    The executor calls them "profits" simply because, according to his statement, the business of the firm for the particular year 1891—that in which Milmo died—showed an excess of income over outlays.    It is not claimed nor pretended that at the end of the year 1891, with all the debts of the firm paid, there remained a balance in its favor.    The affairs of the firm for the special year 1891 can not be separated from its general prior affairs in the ascertainment of " profits."

It is true that although the firm owed debts of its own, certain of its funds, with the consent of the other members of the firm, were permitted to be applied to the payment of some of the debts of the succession of Milmo (an advance to the succession), but these funds never went into the hands of Baxter AS TUTOR.    A portion of them went into his hands *as executor*, and were by him used for the purpose stated, while the greater part would seem to have been paid out *by the firm* to the creditors of the succession.

It is obvious that a person holding at one and the same time the position of testamentary executor of an estate, and tutor of the minor heirs therein, can not receive and disburse a fund in the capacity of *executor* and charge commissions upon the fund as being in his hands *as tutor*.

The rights and obligations of parties under the administration of the executor and those under the administration of the tutor can not thus be confounded.    Succession of Mitchell, 33 An. 353.

The District Court in rejecting the claim for commissions as tutor

did not err.   Succession of Pomponeau, 10 An. 79, 80; Heath vs. Lambeth, 3 An. 363; Succession of Hargrove, 9 An. 505.

In his account the executor claimed that he was entitled to a commission of two and one-half per cent. upon the total amount of the inventory of the succession.   This inventory showed separate property of the succession to the amount of eight thousand nine hundred and eight dollars, and assets of the firm of Milmo, Stokoe & Co. (in which firm the deceased had an interest of ten-eighteenths) to the amount of one hundred and forty-seven thousand one hundred and forty-eight dollars.

The District Court refused to recognize the claim in so far as it was sought to be based on the interest of the succession of Milmo, in the partnership of Milmo, Stokoe & Co., *as shown by the inventory*, but allowed the executor a commission of two and one-half per cent. on sixteen thousand two hundred and twenty-two dollars as being an amount of money which actually went into his hands as executor.

In the reasons assigned by the District Judge for his action he stated that the partnership affairs had not been at the time of his judgment liquidated, and that he had reason to believe its outstanding liabilities were heavy—that if the executor would be entitled to commissions on the partnership property it would only be on the share which would ultimately pass into his hands free from debts. That matters were not in such a shape as to authorize or to justify him in fixing any specific amount of partnership values as that upon which commissions could be predicated.

After declining to recognize at present a claim for executor's commissions, except to commissions at two and one-half per cent. on sixteen thousand two hundred and twenty-two dollars, the court declared that " the balance of the commission coming to him when he shall have filed his final account will be computed on the amount of the productive property coming to the estate, as the share of the deceased in the partnership of Milmo, Stokoe & Co., when liquidated."

The executor complains of this action, first in not taking the inventory itself as a basis for commissions, and, second, in not passing finally upon this question.   He says that the "provisional" account, in which the claim is made, has, by consent, been converted into a final one, but there is no evidence before this court that the partnership has been liquidated or what the ultimate situation, either of the

partnership or the succession, will be.   It may be that the heirs have been placed in possession, and these matters have all been closed, but if such be the case the transcript does not show it.   We do not think there is any ground for amending the judgment in favor of the ex-ecutor.   In the Succession of Grover, 12 An. 335, it was intimated that the executor's seizin does not extend to the testator's interest in property belonging to a partnership.   We may say in passing that it is the duty of an executor claiming commissions to show affirmatively what portion of the succession property, and *a fortiori* what portion of the partnership property, is productive, and that he should not leave the matter to inference.   In reference to partnership matters the suit of Baxter vs. Hewes, 45 An. 1066, has brought to our notice the fact that they were for a time at least placed in the hands of F. W. Bauman as liquidator, who was paid two thousand dollars for his services.   Precisely what part the executor took in the administra-tion does not appear.

The heirs are not satisfied with the judgment of the court, as to the executor's commissions—they claim that none whatever are due; that he has mismanaged the estate; that his administration has not been beneficial, but a positive injury.

As part of the amount of sixteen thousand two hundred and twenty-two dollars upon which the court allowed commissions, figures the amount received by the executor which he deposited in the Mil-waukee bank, as we have before stated.   Upon the theory that that sum would be finally lost to the succession, it would not be proper to permit the executor, through whose imprudent and illegal action it would be lost, to charge commissions upon it.   We have held, how-ever, that the fund is to be considered as still in the hands of the executor, as if he had never parted with possession of it.   If he be able to pay, and does pay over the amount to the heirs, we are not prepared to cause him to lose the commission, as a penalty *ipso facto* for his course, which the District Court seems to regard as more an error of judgment, in order to obtain an interest-bearing deposit, than a designed wrong.   The balance of the sixteen thousand two hundred and twenty-two dollars consists of moneys actually or constructively received from the partnership of Milmo, Stokoe & Co., and applied to the payment of the succession debts and support of the minors.   There seems to be no clash between creditors and minors, and no likelihood of opposing interests.   The heirs do not

contest either the amount which has been expended upon themselves
individually, or upon their co-heirs, and the tutor as such has re-
ceived and will receive no commissio;s.    Under the circumstances,
we are not inclined to reverse the action of the court on the subject
of commissions, to the extent of the commissions on sixteen thousand
two hundred and twenty-two dollars, but we think conditions should
be attached to granting them.    Instead of recognizing these com-
missions as an absolute claim against the succession by the execu-
tor, we are of the opinion that the circumstances require us to sim-
ply authorize him to deduct the amount thereof from his indebted-
ness as executor, only after payment in full of everything otherwise
due by him, and the delivery of everything for which he is account-
able.    We assume that the District Court in its future action, should
it determine that further commissions are allowable, will similarly
guard the interests of the heirs.    The action of the court in refusing
to take the inventoried value of the assets of the partnership of
Milmo, Stokoe & Co., and the inventoried value of the interest of
the succession of Milmo therein, as the basis for estimating the com-
missions of the executor was correct.    Whether ultimately any com-
missions will be due to the executor by reason of the interest of
Milmo in the partnership of Milmo, Stokoe & Co., and, if so, what
their commissions should be, is a matter not to be presently decided.

We leave open the question of executor's commissions on property
or amounts over the sixteen thousand two hundred and twenty-two
dollars referred to, which may be based on the affairs of the partner-
ship, subsequently to the filing of the account, to be hereafter dealt
with and passed upon by the District Court.

The heirs, in their motion for an amendment of judgment, pray
that they be decreed "interest on the amount in the hands of the
executor, which he invested in his name and for his individual in-
terest."

We do not think the occasion calls for the infliction of statutory
penalties upon the executor, and therefore sustain the judgment
below on that point.    We think the court contemplated a restate-
ment or recasting of the whole account by the executor, so as to
show on its face the precise final situation of the parties and enable
it to render a direct judgment in the premises.    As matters stand we
find that the various issues raised were passed on, but not passed on
in a form such as to permit of either certain or easy execution.    The

question as to the interest due by the executor is not presented to us in a satisfactory manner in the transcript or briefs, and we think the ends of justice will be best attained by leaving that matter open to be adjusted hereafter, and disposed of in the judgment to be ultimately rendered in the case.

Counsel of both sides have in their brief discussed at length the action of the court *in overruling the opposition of the heirs of Milmo* to the fees of Messrs. Mentz and Burke, and their opposition to the items of the account which figure under the numbers 145, 156, 166, 169, 177, 199, 200, 201, 202, 205, 208, 209, 210, 211, 213, 215, 222, 227, 277, 279, 280, 281, 308, 309, 362, 363 and 403.

None of these items, other than the fee of Mentz and Burke, are covered by the motion to amend filed in this court. On that ground alone the judgment below could not be altered, but besides this the heirs did not appeal from the judgment. The judgment of the District Court overruling the opposition made before it to the claim of Mentz and Foster, as it stood recognized by the executor, can not be altered by us, through a motion to amend in the present ap eal. That matter could only be brought before us by direct appeal taken by the heirs. Andrus vs. His Creditors, 46 An. 1351; Chapoton vs. Her Creditors, 45 An. 451.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment appealed from be amended so as to leave open for future examination and decision the right of the executor to future commissions other than the commission of two and a half per cent. on sixteen thousand two hundred and twenty-two dollars to which he is decreed entitled by the judgment below, which may be based on the ultimate interest of the succession of Milmo, in the partnership of Milmo, Stokoe & Co., and so as also to leave open for future examination and decision the question of interest due and to become due by the executor. It is further ordered, adjudged and decreed that the judgment appealed from in so far as it recognizes as due absolutely to the executor a commission of two and a half per cent. on sixteen thousand two hundred and twenty-two dollars be amended so as to simply authorize the executor to deduct the amount of the said commissions from his indebtedness as executor after payment in full of everything otherwise due by him, and the delivery of everything for which he is accountable as executor. It is further ordered that the judgment appealed from, except as herein

amended, be affirmed, and that this cause be remanded to the District Court with direction to recast, or cause to be recast, the account of the executor in conformity to the views herein expressed, and for further proceedings according to law and judgment.