HIGGINS, Justice.
 

 This is an action by the dative tutor of the minors, Naomi Rookh Caskey and Otis Ezelle Caskey, against the First National Bank in Arcadia, as a third possessor of certain real estate left by the deceased father of the minors and acquired by the defendant at foreclosure sale after it had been previously sold by his succession through an administration sale to the administratrix for the purpose of paying debts. Plaintiff prayed that the defendant be ordered to relinquish and deliver the property, subject to the minors’ legal mortgage, in order that it might be sold to satisfy the judgment in their fav- or and against their mother as former natural tutrix, and, in default thereof, that the plaintiff have judgment against the defendant for the sum of $8,420.30, with interest and costs.
 

 The defendant filed exceptions of no right and no cause of action on the ground that the mother of the minors had been appointed by the court as the administratrix of the succession of her deceased husband, and also as the natural tutrix of the minors; that she had never rendered an account as administratrix and, therefore, had not
 
 legally
 
 received any assets from the succession of her husband as tutrix, to administer in behalf of the minor children.
 

 The exceptions were overruled and the defendant filed an answer in which it denied that the plaintiff ■ was the regularly appointed tutor of the minors; that the natural tutrix had caused an inventory to be made of the property belonging to the minors; that the pretended abstract of inventory operated as a legal mortgage against the mother as tutrix; that the plaintiff, as dative tutor, and the mother, as natural tutrix, acted in good faith in having her removed as tutrix and in having judgment rendered against her on the account as natural tutrix in the sum of $8,420.30; and averred ' that the plaintiff, the dative tutor, who was the brother of the former natural tutrix, conspired with her in having her removed as tutrix and obtaining judgment against her as such, in behalf of the minors, for the purpose of defrauding the defendant, which had acquired the property sold at the public administration sale in order to pay the debts of the succession which was insolvent; that said judgment was obtained against the tutrix through perjured testimony, the pretended account setting out that she had
 
 *968
 
 received assets of the value of $22,035, as tutrix of the minors, when, in fact, she had not received anything in their behalf; that all of the property received by her was obtained solely and only as administratrix and it was sold by her in that capacity; and that the administration of the succession had not been completed and no final account had been filed by her as administratrix.
 

 On the trial of the case on the merits, it was shown that the tutrix, acting in her capacity as such, sold one piece of community property for the sum of $225. The trial judge rendered judgment in favor of the plaintiff and against the defendant in the sum of $112.50, with 5% interest thereon from December 20, 1935, until paid, and the defendant was ordered to pay the hypothecary debt or to surrender the property, and upon failure to do so, the judgment was to become executory and the property seized and sold for the purpose of paying the debts. The judgment is silent as to the additional claims of plaintiff.
 

 The plaintiff appealed and the defendant did not answer the appeal.
 

 J. Ode Caskey died, intestate, in April, 1927, leaving his widow, Mrs. Naomi Marie Caskey, and two minor children, issue of their marriage, as his sole and only forced heirs. At the time of his death, he left considerable real estate and movable property, all of which belonged to the community of acquets and gains and was located in the Parishes of Bienville and Ouachita. He was indebted to a number of creditors and on May 18, 1927, his widow was appointed and qualified as administratrix of his succession and letters were issued to her as such. On May 28, 1927, she also qualified as tutrix of her minor children and her brother-in-law, D. E. Caskey, was appointed and qualified as under-tutor. On June 16, 1927, as administratrix, she obtained an order of court to sell the property in Ouachita Parish to pay the debts due by the estate and the real property was sold at public auction on July 19, 1927, to the defendant’s predecessor, First National Bank of Arcadia. This land is not in dispute here. Thereafter, the widow married S. P. Kemp, and on March 5, 1929, she filed a petition in which she alleged
 
 “That
 
 your administratrix finds it necessary to sell all the real and personal property, including notes and accounts owing the estate, that she may be able to liquidate the indebtedness of the estate.” The court ordered the sale of the property and the administratrix became the adjudicatee of both the personal and the immovable property at the public sale. On April 27, 1929, she individually executed a mortgage in her favor on all of the real estate which she had purchased, together with the 400 acres of land that she owned, in the sum of $10,000, and pledged the mortgage note to the First National Bank of Arcadia, as collateral for a personal loan. She was unable to pay this debt and on December 6, 1932, the bank filed suit on the note and obtained judgment against her. On July 29, 1933, execution issued on the judgment and all of the property now involved in the present suit was sold to the bank by the sheriff at public sale.
 

 
 *970
 
 The administratrix never filed an account of her administration of the succession of her deceased husband, although on two different occasions the creditors of the estate and later the present tutor filed rules against her for that purpose.
 

 On June 17, 1935, D. E. Caskey, paternal uncle, as under-tutor of the minors, filed a suit against Mrs. Caskey Kemp, as tutrix, for her removal on the grounds of incompetency and maladministration. In her answer thereto, she practically admitted the charges against her and judgment was rendered removing her as tutrix of the children. J. E. Cox, her brother, was then appointed and confirmed as dative tutor of the minors and he brought a rule against the former natural tutrix, and on November 6, 1935, the judge ordered her to file a final account of her administration as tutrix. She filed an answer and her final account on December 5, 1935, and judgment was rendered against the tutrix in favor of the minors for $8,420.30, with 5% interest from December 20, 1935, until paid. The First National Bank of Arcadia was not a party thereto. The natural tutrix had recorded in the mortgage office an abstract of inventory of all of the property inventoried in the succession of the deceased and received and sold by her as administratrix under order of court to pay the debts of the succession.
 

 The dative tutor filed the present hypothecary action to have the property foreclosed upon and purchased by the First National Bank of Arcadia, now the First National Bank in Arcadia, declared subject to the minors’ legal mortgage.
 

 In connection with the judgment in favor of the plaintiff and against the defendant for $112.50, the undisputed testimony is that the natural tutrix sold one lot of ground belonging to the community of acquets and gains for $225 and that the minors’ one-half interest therein of $112.50 had not been accounted for and was secured by the minors’ legal mortgage. As the defendant neither appealed from the judgment nor answered the plaintiff’s appeal, the judgment is final in that respect as to the defendant.
 

 With reference to the defense that, as the administratrix had never filed an account and had not delivered to herself as natural tutrix any assets belonging to the minors, the petition did not state a right or cause of action and therefore the plaintiff’s demands upon the defendant were premature. The record shows that she has never filed an account as administratrix and as the succession had both assets and liabilities, the net value, if any, of the estate could not be determined unless she rendered an accounting and, therefore, it was impossible to legally fix the interest of the minors in the succession of their father. The administratrix testified that she had not received, in her capacity as natural tutrix of the minors, any assets from the succession of her husband. The final account which she rendered to the minors as tutrix was in the nature of a consent proceeding and as the defendant was not a party thereto, it is not bound thereby.
 

 In the case of Bry v. Dowell, 1 Rob. 111, the court held (syllabus written by court) :
 
 *972
 
 “Where an executor is also tutor to the minor heir, his accountability to him as executor, should be finally determined before he enters upon his administration as tutor, which is to last until the majority of his ward.”
 

 In Goux et al. v. Moucla, 30 La.Ann. 743, the court held: “When there is an administration, the estate does not legally pass to a tutor until the administrator renders his final account. Where the same person is administrator, and also tutor of a part of the heirs, his possession of the estate must be held to be as administrator,. * * *»
 

 In the Succession of Milmo, 47 La.Ann. 126, 16 So. 772, 774, the executor and tutor were the same person. In his capacity as tutor of the minors, he claimed a commission of 10% on alleged income of the minors, but it appeared that he was still administering the estate of the deceased in his capacity as executor and, therefore, had not handled these funds in his capacity as tutor. In dismissing his claim, the court said:
 

 “It is obvious that a person holding, at one and the same time, the position of testamentary executor of an estate and tutor of the minor heirs therein, cannot receive and disburse a fund in the capacity of executor, and charge commissions upon the fund as being in his hands as tutor.
 

 “The rights and obligations of parties under the administration of the executor and those under the administration of the tutor cannot thus be confounded. Succession of Mitchell, 33 La.Ann. 353.
 

 “The district court in rejecting the claim for commissions as tutor did
 
 not err.
 
 Succession of Pomponeau, 10 La.Ann. 79, 80;
 
 Heath v.
 
 Lambeth, 3 La.Ann. [361] 363; Succession of Hargrove, 9 La.Ann. 505.”
 

 As the administratrix admits and as the record clearly shows, she has never filed an account of the administration of the estate of her deceased husband and has never delivered the assets of the succession as administratrix to herself as natural tutrix of the minors, it is our opinion that the defense of prematurity is well-founded. The account rendered by the natural tutrix to the minors and the judgment based thereon does not relieve her as administratrix from the duty of rendering an account in that capacity. The rights of the plaintiff in behalf of the minors to have the administratrix render a final account and to then assert any action in their behalf that they might have against the defendant are reserved.
 

 For the reasons assigned, the judgment appealed from is amended so as to reserve the plaintiff’s rights to have the administratrix file her final account of the administration of the succession of her deceased husband, and to file any action thereafter that the minors might have against the defendant, and in all other respects, the judgment is affirmed at the appellees costs.
 

 LAND, J., absent.