AYRES, Judge.
By this action plaintiffs sought, first, the annulment of a tax sale and tax deed involving two separate noncontiguous tracts of land aggregating 110 acres, situated in Jackson Parish, Louisiana, or, in the alternative, a judgment recognizing their rights to and authorizing a redemption of the property. Defendants denied the tax sale was invalid and asserted ownership of the property by virtue of their tax deed. *343 The trial court concluded that the tax sale was valid, but sustained plaintiffs’ alternate demand and, by judgment, directed a redemption of the property. From this judgment, defendants prosecute a suspensive, as well as a devolutive, appeal.
Concerned on this appeal is the correctness of the judgment permitting a redemption of the property. A brief statement of the pertinent facts appears appropriate as a prerequisite to a discussion of the issues presented for.resolution.
For the unpaid taxes for the years 1930 and 1931, the aforesaid tracts of land were sold under the name of Della Bradford to Dr. G. C. Patterson, as shown by a tax deed dated December 22, 1932, and recorded in the conveyance records of Jackson Parish, Louisiana, under date of January 10, 1933. The 70-acre tract of the aforesaid property was acquired by Tom Bradford as an asset of the community then existing between him and Della Bradford. The 40-acre tract, having been acquired by Della Bradford through inheritance, was her separate and paraphernal property. Both of these parties were living at the time of the tax sale and continued to survive until about 1954 or 1955. Plaintiffs are the children and sole heirs of Tom and Della Bradford. Defendants are the surviving widow and daughter of Dr. G. C. Patterson, the tax purchaser.
Property sold at a tax sale is redeemable within three years from the date of the recordation of the tax sale. Art. 10, § 11 of the Louisiana Constitution of 1921, LSA.
The contention of the plaintiffs appears to be that, by virtue of their continued possession, a matter disputed by defendants, the period of time within which they may be permitted to redeem the property is extended, or that the tolling of said period of time is suspended by their continuous possession. Obviously, this contention was sustained by the trial court. However, the rule is well established, under the aforesaid constitutional provision limiting the time within which realty sold for the payment of delinquent taxes can be redeemed, that the continued possession of the realty by the owner, the tax debtor, after a tax sale, does not interrupt or suspend the running of the redemptive period. Di Giovanni v. Cortinas, 216 La. 687, 44 So.2d 818.
In the aforesaid case, our Supreme Court made an observation appropriate and controlling when it stated:
“The plaintiffs’ right to redeem the property has expired under the provisions of Article 10, Section 11 of the Constitution of 1921, as amended, wherein it is provided that property sold for the payment of delinquent taxes ‘shall be redeemable at any time during three years from date of rec-ordation of the tax sale.’ The plaintiffs contend that there is an exception to the literal application of this provision of the constitution that interrupts the running of the redemptive period, viz.: the continued possession of the property by the owner after the tax sale. They cite Pill v. Morgan, 186 La. 329, 172 So. 409 and many other decisions of this Court to support their contentions. All of the authorities cited as well as the recent decision in the case of Westover Realty Company v. State, 208 La. 163, 23 So.2d 33 are to the effect that the peremption established .for tax sales by the Constitution requiring actions to set aside such sales to be brought within three years, now five years, from the date of the recordation of the tax deeds does not accrue when the owner remains in corporeal possession of the property. These decisions relate solely to actions to annul or set aside tax sales and not to the period of time in which property may be redeemed.” (44 So.2d 818, 819.)
Therefore, when this suit was filed on April 4, 1962, plaintiffs had lost any right they might have had to redeem the prop- *344 ertyj as more than three years had elapsed since the recordation of the tax sale.
Plaintiffs-appellees, nevertheless, contend, in brief, that the tax sale should be annulled because of certain alleged defects or informalities set forth in their petition. The validity of this tax sale and deed was recognized not only in the extensive written opinion of the trial court but upheld in the judgment, which, at least, impliedly rejected plaintiffs’ claims as to this demand. Therefore, as plaintiffs neither appealed nor answered defendants’ appeal, the judgment as respects the validity of the tax sale and deed is final and decisive as to plaintiffs.
The principle is well settled that an appellate court cannot amend or modify a judgment in favor of a party who has neither appealed nor complained by way of an ■answer to an appeal. Blasingame v. Anderson et al., 236 La. 505, 108 So.2d 105, 110; Corkern v. Travelers Insurance Co. et al., 229 La. 592, 86 So.2d 205; Succession of Babin, 213 La. 950, 35 So.2d 864; Betz v. Riviere, 211 La. 43, 29 So.2d 465; Cox v. First Nat. Bank in Arcadia, 195 La. 963, 197 So. 616.
If an appellee desires to have a judgment modified, revised, or reversed in part, he must answer the appeal, unless he himself has appealed, and specify the relief demanded. LSA-C.C.P. Art. 2133.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that plaintiffs-appellees’ demands be, and they are hereby, rejected; and
It is further Ordered, Adjudged, and Decreed there now be judgment against the plaintiffs, Ibe Bradford, Emma Bradford Brooks, Frank B. Bradford, and John Bradford, and in favor of the defendants, Mrs. G. C. Patterson and Mrs. Hellon Patterson Fisher, recognizing and decreeing defendants the owners, in indivisión and in equal ■proportions, of the following-described property, to wit:
“Northwest quarter of southeast quarter, Section 26, and south half of the northwest quarter, Section 35, less 10 acres on the south side, all in Township 17 north, Range 2 west, Louisiana meridian, Jackson Parish, Louisiana, containing 110 acres, more or less, together with all the improvements thereon and appurtenances thereunto belonging,”
and that, as such owners, they are entitled to possession of said property.
It is further Ordered, Adjudged, and Decreed that the plaintiffs-appellees pay all costs, including the cost of this appeal.
Reversed and rendered.