No. 9624.

HENRY C. MINOR vs. JOHN B. BUDD, SHERIFF, ETC.

When a tax payer enjoins the seizure and sale of his property for taxes, he occupies the position of a judgment debtor enjoining the execution of a judgment against himself; and the test of our jurisdiction is the amount of the taxes and not the value of the property. The Constitution does not vest this Court with jurisdiction, regardless of amount, of cases involving the legality of assessments, and we cannot assume it.

The ground of the injunction involving no question as to the legality or constitutionality of the tax, but assailing solely the legality of the assessment, the appeal is dismissed.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. Goode, J.

*L. F. Suthon* for Plaintiff and Appellant.

*Van P. Winder* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The plaintiff enjoins the sale of his property for taxes aggregating the sum of $1,566 60, on the ground that there has been no legal assessment of his property, by reason of the non-observance of certain duties prescribed by Act 96 of 1882, regulating assessments.

It is clear that the amount involved is below the lowest limit of our jurisdiction. Plaintiff stands in the position of a judgment debtor enjoining execution of a judgment against himself. Aymar vs. Bourgeois, 36 Ann. 392; Shannon vs. Lane, 33 Ann. 491.

In such case, the test of jurisdiction as to amount is the amount of the claim and not that of the property seized.

The only other ground on which it is claimed that our jurisdiction attaches is, that the suit involves the constitutionality or legality of a tax.

No such question is presented.

It is not denied that the property is liable to taxation, nor that there has been an assessment of the property. Therefore, the case relied on of McGuire vs. Vogh, 36 Ann. 812, has no application.

The sole issue is as to the legality of the assessment.

The framers of the Constitution did not see fit to confer upon this Court jurisdiction of cases involving the legality of assessments of property for taxation, regardless of the amount in dispute. We, therefore, cannot assume such jurisdiction.

We have heretofore carefully considered and announced our conclusions on this subject. State ex rel. David vs. Judges, No. 9506, not yet reported; also, 32 Ann. 817; 33 Ann. 286; 35 Ann. 965; 36 Ann. 286, 364, 801; 37 Ann. 507.

It is therefore ordered that this appeal be dismissed at appellant's cost.