OVERTON, J.
 

 Plaintiff claims the ownership of certain real property, situated in the
 
 *367
 
 city of New Orleans. It alleges that the property claimed by it was assessed for taxes ■for the years 1918 and 1919 to persons other than itself. It also alleges that the city of New Orleans is about to sell said property under the assessments thus made. It further alleges that said assessments are null and void, for the reason that they were made in the names of persons other than the name of the owner of the property, and that, if the city is permitted to sell the property under said erroneous assessments, the result will be to deprive plaintiff of its property without due process of law. Plaintiff therefore prays that the city be enjoined from selling, or attempting to advertise and sell, said property under said erroneous assessments, and from interfering under said .assessments with plaintiff’s ownership and possession of said property; and it further prays that said assessments be canceled and annulled, reserving to the city the right to assess said property for said years correctly.
 

 Plaintiff’s suit was dismissed on certain exceptions filed in the trial court. Prom the judgment dismissing the suit, plaintiff has appealed to this court. The city has moved to dismiss.the appeal, on the ground that we are without jurisdiction.
 

 The suit amounts to nothing more than an effort to cancel and annul assessments, on the ground that the property is not assessed in the hame of the real owner, and to an effort to restrain the city from acting under s,uch assessments. The suit does not involve the. legality or constitutionality of the taxes ievied against the property. The taxes are one thing, and the assessments another. The taxes levied 'may be perfectly legal and constitutional, and the assessments erroneous. State ex rel. Badger v. Recorder of Mortgages, 41 La. Ann. 533, 6 So. 819.
 

 In cases, such as the present, which do not involve the legality or constitutionality of a tax, and which amount to nothing more than suits to cancel and annul assessments on the ground that the assessments were not made in the name of the real owner of the property, and to restrain a political subdivision from acting under the assessments in the collection of the 'taxes levied by it, it is the amount of the tax which the political subdivision claims is due it that determines the jurisdiction of this court. Badger v. Recorder of Mortgages, cited supra; Minor v. Budd, Sheriff, etc., 38 La. Ann. 99; Adler, Goldman & Co. v. Board of Assessors, 37 La. Ann. 507. . To give this court jurisdiction in such cases, the amount of the tax claimed by the political subdivision under the assessment must exceed $2,000. Constitution of 1921, art. 7, §10.
 

 In the case at bar plaintiff has filed an affidavit showing that the value of the property assessed exceeds $5,000, but nowhere doe’s it appear that the amount of the taxes claimed by the city, under the assessments, exceeds $2,000.
 

 It is well settled that the jurisdiction of a court must affirmatively appear, and in this instance, as we have seen, it does not so appear. Moreover, we are morally satisfied that the city is not claiming, under the assessments, taxes exceeding $2,000.
 

 For the foregoing reasons, we must decline jurisdiction in this casé. We shall not, however, dismiss the appeal, but shall transfer it instead to the Court of Appeal. '
 

 For the reasons assigned, it is ordered, adjudged, and decreed that this case be transferred to the Court of Appeal for the Parish of Orleans. It is further ordered that the appellant pay the costs of appeal to this court.