O’NIELL, C. J.
 

 This is a suit to annul the assessments of several lots of ground in New Orleans, claimed by the plaintiff, and assessed, respectively, in the names of individuals who, it is alleged, do not own them. It is alleged that, inasmuch as the assessments were made not in the name of the plaintiff, but in the names of persons who did not own the lots, there was no notice of delinquency given -to the plaintiff previous to the publication of the advertisement of the property for sale for taxes. The plaintiff prayed for, and obtained, a preliminary injunction, preventing a sale of the property under the assessments complained of.
 

 The city filed exceptions of no cause of action and of vagueness. The civil district court gave judgment in favor of the defendant, dissolving the injunction and dismissing the suit for want of a cause of action. The plaintiff appealed to this court; and, after hearing argument, we found that the case was within the appellate jurisdiction of the Court of Appeal, and transferred the appeal to that court, gee Nylka Land Co. v. City of New Orleans, 157 La. 366, 102 So. 477. The Court of Appeal affirmed thp judgment of the civil district court. The case is here now on a writ of review.
 

 It is conceded that the judgment complained of is correct in so far as it dissolved the writ of injunction, because the order for the injunction was issued ex parte, in violation of section 56 of Act 170 of 1898, p. 374, forbidding the issuing of an injunction against the collection of taxes, except after service of a rule to show cause. The only question is whether the judgment dismissing the suit for want of a cause of action is correct. It is based upon section 25 of Act 170 of 1898, p. 360, which declares that, if a property owner neglects to make a sworn return of his property for assessment, within the time prescribed, he shall be estopped from contesting the assessment list filed by the assessor. The section further provides:
 

 “And any owner, agent, administrator, executor, or other representative, shall have no standing in court for a wrong description (whether in name, measurement or otherwise) unless written complaint thereof was made .during the period when the lists are open for public inspection and correction; and the property of such owner, agent, administrator, executor or other representative so assessed shall be deemed properly described.”
 

 The next following section (section 26) of the act, as modified by Act No. 164 of 1904, p. 341, and Act No. 10 of 1920, p. 10, fixes the time in which taxpayers may appear “and be heard concerning the descriptions of the property listed and the valuation of the same as - assessed.” It seems plain, therefore, that the estoppel provided
 
 *789
 
 for in section 25 of the statute is applicable only to a suit to contest the description or valuation of the property assessed. It has no application to a suit brought by a property owner contesting the legality of an' assessment on the ground that the property is assessed in the name of one who does not own it. That is made plain in the second paragraph of section 25, following immediately the paragraph which we have quoted, and declaring that an assessment in the name of one who appears on the mortgage or conveyance records to be the owner of the property on the date of listing of the property is a valid assessment, even though the property may in fact belong to some one else, which is the same as to say that an assessment made in the name of one who does not appear on the public records to be the owner of the property, and who in fact is not the owner, is not a valid assessment.
 

 The Court of Appeal misconstrued the language of section 25 of the act, where it is said that, if a property owner neglects to make a return of his property within the time prescribed, he “shall have no standing in court for a wrong description (whether in name, measurement or otherwise),” etc. In the expression “whether in name, measurement or otherwise,” the word “name” does not mean the name of the person to whom the property is assessed; it means the name by which the property is designated or described, if it be described by name. Section 9 of the act declares that it shall be sufficient to assess property according to such description as will reasonably identify it, “such as designating the tract or lot by the name by which it is commonly known, * * * or by the dimensions or description or name given in the act translating the ownership thereof,” etc. The name of the taxpayer, to whom the property is assessed, is, to some extent, descriptive of the property; and it may be that one who is in fact the owner of the property assessed, or who appears on the public records to be the owner, would be forbidden by section 25 of the statute to demand that an error in the spelling or writing of his name on the assessment rolls should be corrected after the expiration of the time in which the lists were open for inspection and correction. That is a question of no importance in this case, where the complaint is that the lots were assessed to individuals who were not the owners of them, either in fact or according to the public records.
 

 It is well settled that a tax sale made under an assessment in the name of one who is not the owner of the property, either in fact or according to the public records, is not a valid sale, unless and until the illegality is cured by the prescription of three years. As the owner of the property in such a case would have a right of action to annul the sale at any time within three years after it is made, he must also have the right to stop the sale at any time before it is made.
 

 The estoppel provided for in section 25 of the Act No. 170 of 1898 applies only to taxpayers in the parish of Orleans. A similar provision is made in section 14 of the act, applicable only to taxpayers in the other parishes throughout the state. Referring to section 14 (as amended by section 8 of Act No. 182 of 1906, p. 332), in the case of Adsit v. Park, 144 La. 947, 81 So. 435, we said:
 

 “The statute in question has no reference to the requirement of the law that the assessor must assess the property to its owner or to the person appearing of record as owner; nor can the statute alter the constitutional requirement that the tax collector shall, before advertising property for sale for delinquent taxes, give notice to the delinquent. Hence we find no merit in appellant’s plea of estoppel.”
 

 Our conclusion is that the plea of estoppel invoked by the defendant in support o£ the exception of no cause of action is not well founded.
 

 
 *791
 
 The exception of vagueness was leveled at an allegation that the defendant knew that the assessments were illegal because the defendant' was previously enjoined from selling the property under erroneous assessments for the taxes of previous years. It is contended that that allegation is vague because there is no indication as to when or in what suits the injunctions were issued. The vagueness in that respect is a matter of no importance, because the allegation itself, that injunctions were previously issued, is unimportant, if not altogether irrelevant, to this case. The exception of vagueness was leveled also at the allegation that the plaintiff’s titles to the several lots were established, respectively, in ten lawsuits, referred to in the plaintiff’s petition. We assume that the judgments rendered in the suits referred to show whether the plaintiff’s titles were in fact thereby established, as alleged; for it was also alleged that the plaintiff’s.titles were on record in the conveyance office for more than three years. The allegations of the petition are not at all vague in that respect.
 

 The judgment of the civil district court and of the Court of Appeal is affirmed, in so far as it dissolved the writ of injunction, and is annulled and reversed in so far as it dismissed the plaintiff’s suit; the exceptions of no cause of action and of vagueness are overruled; and the ease is ordered remanded to the civil district court for further proceedings consistent with the foregoing opinion. The defendant is to pay the costs of the appeal and of this proceeding; the question of liability for other court costs is to abide the final judgment to be rendered in the case.