148 So. 670

**VENTA et al. v. FERRARA.**

No. 31480.

May 1, 1933.

Rehearing Denied May 29, 1933.

John E. Jackson and Baldwin J. Allen, both of New Orleans, for appellants.

Sidney F. Gautier, Frederick G. Veith, and Johnston Armstrong, all of New Orleans, for appellee.

BRUNOT, Justice.

This is a petitory action brought by the seven forced heirs of Jose Venta, Sr., deceased, five of whom reside in the city of New Orleans; one is a resident of Cook county, Ill., and one resides in Mexico City, Mexico. The suit is for the recovery of the following property:

"Four certain lots of ground with all the buildings and improvements thereon, etc., situated in the Third District of this City in Square bounded by Hope, St. Anthony, Law and Bagatelle streets, designated by the numbers Nine and Twelve on a plan drawn by Joseph Pilie, city surveyor, June 1st, 1830, and deposited in the office of C. Pollock formerly a Notary Public in this city, by act

dated 18th of June, 1830, which said lots of ground measure as follows: Two of said lots forming together lot Nine and forming the corner of Hope and St. Anthony streets measures each 31' 11" and 4''' front on St. Anthony street by 127' 10" 5''' in depth, and the other two lots forming together lot number Twelve, measure each 31' 11" 4''' front on St. Anthony, by 127' 10" and 5''' in depth; said square of ground is designated as square number 112 on the plan above mentioned, the whole as per plan made by Charles G. Del Isle, architect, dated 1st. of October 1884. Excepting therefrom, a certain portion of ground and improvements thereon in the Third District of New Orleans in Square bounded by Bourbon, St. Anthony, Law and Hope streets designated as portions in square number 1501; said portion measures 3' front on St. Anthony street, by a depth of 127' 10" and forms the corner of Hope Street, and the other portion measures three feet front on St. Anthony street by a depth of 127' 10" which lastly designated portions of property was sold from that firstly described at tax sale by the State of Louisiana, to Josiah Gross on October 9th, 1918, by authentic act passed before John P. Sullivan, Notary Public of this city, registered in the Office of the Register of Conveyances in Book 305, folio 166."

It may be noted here that Bourbon street was formerly Bagatelle street.

The defendant excepted to the petition upon the grounds of vagueness, inconsistent allegations, and no right and no cause of action. The exceptions were referred to the merits, the defendant answered the suit, reconvened for the value of certain improvements he alleges he placed upon the property, and he called the Tulane Investment Company, Inc., his vendor, in warranty. The answer of this defendant in warranty is an attack upon the demands of the plaintiffs. It is based upon pleas of res adjudicata and the constitutional prescription of three years as bars to their recovery.

Following these proceedings, the defendant died, and his surviving widow and heirs were properly substituted as the defendants in the suit. In a supplemental answer filed by the widow of Philip Ferrara, deceased, for herself individually, and in her capacities as executrix of the estate of the deceased and as the tutrix of their minor children, she called the widow and heirs of Josiah Gross, the vendor of the Tulane Investment Company, Inc., in warranty. The answer of these defendants in warranty is identically the same as that previously filed by the Tulane Investment Company, Inc.

The case was tried on the issues stated, and judgment was rendered thereon in favor of the defendants and against the plaintiffs, rejecting the plaintiffs' demands at their cost and dismissing the calls in warranty. From this judgment the plaintiffs appealed.

The record discloses that on April 14, 1886, Jose Venta, Sr., acquired, at public auction, all of the property described in the petition, including the two small portions thereof which the plaintiffs have excepted from their demand. At a time not disclosed by the record, but prior to June, 1909, Jose Venta, Sr., died. His succession was opened and administered by his son Jose Venta, Jr., and on June 29, 1909, the administrator was discharged from his trust, and his bond, as ad-

ministrator, was canceled by a formal judgment of the court. The property of which Jose Venta, Sr., died possessed was carried on the assessment rolls in his name for eleven years after his succession had been opened, administered, and closed. It was described and valued on the assessment roll for the year 1918 as follows:

"65—Jose Venta St. Anth and Hope 63—127 } 400."
"    "    "    "         "    " }

The figures "63—127" represent the foot measurements of the frontage and depth of each lot, and the figures "400" represent the assessed value of both lots. The taxes on this property for 1918 became delinquent, and the tax collector advertised for sale and sold only two small portions of it for the taxes due on the whole property. All that Josiah Gross acquired at the tax sale on October 9, 1918, is the property which was advertised and sold. Both in the advertisement and in the tax deed to Gross the property is described as follows: "A certain portion of ground and improvements thereon in the Third District of the City of New Orleans, in square bounded by Bourbon, St. Anthony, Law and Hope streets, designated as Portions in square No. 1501; said one portion measures 3 feet front on St. Anthony street by a depth of 127 feet and 10 inches and forms the corner of Hope street and the other portion measures 3 feet front on St. Anthony street by a depth of 127 feet 10 inches."

This deed is not attacked, but it is relied upon by the defendant, and by the defendants in warranty herein. Civ. Code, art. 2236, is as follows: "The authentic act is full proof of the agreement contained in it, against the contracting parties and their

heirs or assigns, unless it be declared and proved a forgery."

It is clear that Gross did not acquire title, by his tax deed, to any of the property claimed by the plaintiffs in this suit. Therefore the three years' prescription pleaded by the defendants in warranty herein is without a basis to rest upon.

■■ On May 12, 1921, Josiah Gross, claiming to be the owner of the entire property by virtue of his tax deed passed before John P. Sullivan, notary, on October 9, 1918, filed suit against Jose Venta, Jr., for a writ of seizure and possession of the whole property. He alleged in his petition that Jose Venta, Jr., was in the actual possession of the property under color of tenancy from his coheirs. He prayed for citation of the heirs of Jose Venta, Sr., deceased, naming them, and for judgment commanding the civil sheriff of the parish of Orleans to seize said property and to place him in the actual possession thereof. Jose Venta, Jr., was the only person served in this proceeding. The sheriff's return is as follows:

"On the 23rd day of May, 1921, served a copy of the within Notice of Seizure on Joseph Venta defendant herein in person. Sheriff's fees 50¢. Returned same day.
"[Signed]    James F. Duplisses,
"Deputy Sheriff, Orleans Parish."

In the transcript of the record in this matter it does not appear that Jose Venta, Jr., or any one of his coheirs made an appearance in the proceeding, nor does it appear that any evidence whatever was introduced. The only thing before the court was the plaintiff's petition with a certified copy of his tax deed annexed to and made part thereof, and we

have seen supra that Josiah Gross did not acquire title to any part of the property claimed by these plaintiffs by virtue of that tax deed. That a deed attached to and made part of a petition is controlling is a principle of law too well recognized to require the citation of authorities. It is the issuance of the writ of seizure and possession on the petition and attached deed as stated that is pleaded in the answers of the defendants in warranty in this suit as res adjudicata, and, as such, a bar to the successful assertion of the claims of the plaintiffs herein. It is our opinion that the plea is without merit, for nothing pertaining to the title to the property involved in this suit has been adjudged as between the plaintiffs and the defendants or as between the plaintiffs and the defendants' authors in title.

For the foregoing reasons, the judgment appealed from is avoided and reversed; the plaintiffs are decreed to be the owners of the property sued for, and the calls in warranty are reinstated to be adjudged when it is determined in the lower court whether or not and to what extent, if any, the defendant may recover for the value to the property of the improvements placed thereon by him and the sum of the taxes assessed against the property and paid by him during his possession and occupancy thereof.

These issues present questions of fact which are not satisfactorily established by the testimony in the transcript. The case is therefore remanded to the civil district court for their determination and adjudication according to law. The costs of this appeal to be paid by the appellees, the defendant and warrantors, in equal proportions.