8 So.2d 538

MARTIN v. SERICE.

No. 36534.

April 27, 1942.

Rehearing Denied May 25, 1942.

O'Niell & O'Niell, of New Orleans, for plaintiff-appellee.

Charles E. Fernandez, of Franklin, for defendant-appellant.

ROGERS, Justice.

Acting under Section 25 of Article VII of the Constitution, the Judges of the Court of Appeal for the First Circuit applied for instructions on the questions of law on which the case was decided by the judge of the district court.

As disclosed by the record which we ordered sent up to this court, the suit is one for the annulment of a tax sale of a tract of land, containing 20 acres, in the Parish of St. Mary. The facts are substantially as follows.

The property involved in this suit was sold to Sam Serice by the sheriff of the Parish of St. Mary for the taxes of the year 1932, assessed in the name of Charles M. Pecot. This sale took place on October 21, 1933. Prior thereto, on September 2, 1930, Leah Martin Balthazar, the record owner, conveyed the property to L. O. Pecot. The deed was recorded immediately after it was executed. On the same day that he secured the deed from Leah Martin Balthazar, L. O. Pecot executed a counter letter in favor of James Martin, the son of Leah Martin Balthazar. The counter letter recited that the property was purchased for and belonged to James Mar-

tin, and that the title was taken in the name of L. O. Pecot for convenience only. The counter letter was not recorded until March 18, 1932. On April 11, 1933, pursuant to the counter letter, a formal deed covering the property was executed by L. O. Pecot to James Martin. The deed was recorded on the day it was executed, April 11, 1933.

On June 27, 1931, the property was sold for the taxes of 1930 under an assessment in the name of Leah Martin Balthazar. The tax purchaser was Charles M. Pecot and the tax deed was promptly recorded. In 1932 the property was assessed in the name of Charles M. Pecot, the owner of record. The taxes for 1932 were not paid. On April 18, 1933, the sheriff sent the registered notice of delinquency to Charles M. Pecot, who received the notice on April 20, 1933. On May 11, 1933, a little less than a month after the receipt of the notice of delinquency, Charles M. Pecot made a quitclaim deed for the property to James Martin. In September, 1933, the property was advertised for sale for the delinquent taxes for 1932, the sale to take place on October 21, 1933. At the tax sale the property was adjudicated to Sam Serice.

The questions propounded by the Judges of the Court of Appeal are:

(1) Under the facts given above, was Charles M. Pecot the record owner of the property on April 20, 1933, on whom to serve the notice of delinquency?

(2) Is the notice of delinquency which the law requires to be served on the delin-

.quent tax debtor to be served on the owner of record at the time the notice of delinquency is sent out by the sheriff and tax collector, or is this notice to be served on the owner of record at the time of the advertisement and sale of the property?

Our answer to the first question is no, for the reasons assigned in answer to the second question propounded by the Judges of the Court of Appeal for the First Circuit.

Our answer to the second question is that the notice of delinquency must be served on the owner of record at the time of the advertisement and sale of the property.

The Constitution in Section 11 of Article 10 provides that: " * * * the collector shall, without suit, and after giving notice to the delinquent in the manner provided by law, advertise for sale in the official journal of the parish or municipality, * * * the property on which the taxes are due in the manner provided for judicial sales, * * *."

Under section 25 of Act 170 of 1898, property assessed in the name of the owner of record in the mortgage or conveyance office at the time of listing is properly assessed.

Section 53 of Act 170 of 1898 provides that for the purpose of taxation and tax sales it shall be sufficient to assess and advertise all property in the name of the person or persons whether dead or alive, who was the record owner at the time the assessment was made.

Section 50 of Act 170 of 1898 provides that on the second day of January of each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer, who has not paid his taxes on real property for the previous year, written or printed notice that his taxes must be paid within twenty days after the service or mailing of such notice, or that the property will be sold according to law.

It is now the uniform jurisprudence that "no matter in whose name the property has been assessed, the owner of record at the time of the advertisement and sale for taxes is to be regarded as the delinquent tax debtor · within the meaning of the constitutional provision requiring notice to be given to the delinquent before making the sale, and where notice of delinquency was not given to the record owner, the tax sale is void." A recent case in which this ruling was upheld is the case of Ideal Savings & Homestead Association v. Yochim, 179 La. 885, 155 So. 258. Prior cases holding to the same effect are Mire v. La Salle Realty Co., 176 La. 663, 146 So. 326; Ryals v. Todd, 165 La. 952, 116 So. 395; Kivlen v. Horvath, 163 La. 901, 904, 113 So. 140.

The case of Stone v. Kimball's Heirs, 199 La. 240, 5 So.2d 758, was a suit to quiet a tax title and has no bearing on the questions propounded by the Judges of the Court of Appeal for the First Circuit.

Although the property in dispute was properly assessed in the name of Charles M. Pecot for the year 1932, because the tax deed in his favor was on record on January 1, 1932, when the assessor made

up his rolls for that year, Charles M. Pecot was not the owner of the property at the time it was advertised and sold for the delinquent taxes of 1932. At that time James Martin was the undisputed record owner of the property. Therefore, James Martin and not Charles M. Pecot was the delinquent tax debtor, and, as such, entitled to the notice of delinquency prescribed by law.

The judgment of the district court annulled the tax sale to Sam Serice, ordered its inscription erased from the records of the Parish of St. Mary, and decreed that the judgment should not be executed until the plaintiff, James Martin, has caused to be paid to the defendants the amount of all taxes paid by them or either of them on the property in dispute with ten per cent per annum interest on all items. The judgment is correct.

For the reasons assigned, the judgment of the district court is affirmed.

O'NIELL, C. J., is recused.