By tax sale dated June 20, 1925, and duly recorded on June 23, 1925, in the Conveyance Records of the Parish of Livingston, Vivian E. Settoon acquired the following described property in the Parish of Livingston: "160 acres, SE 1/4 of NW 1/4, E 1/2 of SW 1/4 and NW 1/4 of SW 1/4, Sec. 2, T-9-S, R-5-E."
Vivian E. Settoon departed this life intestate, and by judgment of court of date of January 20, 1927, plaintiff Mrs. Willie Cain Settoon and plaintiffs Mary Gordon Settoon and Vivian Edwin Settoon, Jr., were recognized as widow and forced heirs, respectively, of the deceased, and, as such, were sent and put in possession of the property left by the decedent including the property described above.
On May 24, 1928, Wiley H. Sharp acquired, by tax sale, as per deed duly recorded on June 1, 1928, under an assessment in the name of Simpson H. Sharp for the year 1927, together with other properties allegedly belonging to Simpson H. Sharp, an undivided one-half interest in the said above described property.
On July 25, 1929, by deed duly acknowledged and recorded on July 26, 1929, Wiley H. Sharp, for a valuable consideration, sold to Simpson H. Sharp, the defendant herein, all of the property which he acquired by virtue of the tax deed supra, which included the undivided one-half interest in the property in dispute.
On January 12, 1937, plaintiffs instituted against the defendant a slander of title suit without alleging that they were in the actual *Page 343 
physical possession of the property. Defendant interposed an exception of no cause of action. On motion of plaintiffs, this suit was dismissed as in case of nonsuit on September 7, 1937. On the same day, that is, September 7, 1937, plaintiffs filed another slander of title suit in which they made the necessary allegation that they were in possession of the said property. Defendant interposed an exception in which he specially denied that the plaintiffs were in the actual physical possession of the property. After trial of the exception, it was sustained, and plaintiffs' suit was dismissed on March 11, 1938.
On April 16, 1942, plaintiffs filed this suit under Act 38 of 1908 to establish title to the land, not in the actual physical possession of either party, described supra and to have the tax sale to Wiley H. Sharp and the sale from Wiley H. Sharp to defendant Simpson H. Sharp declared absolute nullities and ordering them canceled from the conveyance records of the Parish of Livingston.
In their petition, plaintiffs set out their chain of title, and set out that defendant's claim to an undivided half interest of the said property is based on a sale from Wiley H. Sharp to defendant, and the tax sale of date of May 24, 1928, recorded June 1, 1928, to Wiley H. Sharp under an assessment in the name of defendant Simpson H. Sharp for the year 1926.
The plaintiffs attack the tax sale of the undivided one-half interest in the said property on the ground that at the time of the assessment in the name of Simpson H. Sharp the said Simpson H. Sharp had no title or legal right to have the said undivided one-half interest in the said property assessed to him and that the said assessment was an absolute nullity; therefore the sale thereunder, being null, conveyed no interest in the property to the tax purchaser.
The defendant interposed several exceptions, amongst which were pleas of res adjudicata based on the several prior suits filed and mentioned supra, and of prescription of three years. All exceptions were overruled.
Defendant, in his answer, sets out that at the time of the acquisition of the property by Vivian E. Settoon, the said Settoon acquired the said property for himself and defendant in the proportion of one-half to each, and filed therewith a letter which he contended was in the nature of a counter letter. He then claimed that he had acquired a valid title to the one-half interest in the property from Wiley H. Sharp, who had acquired said interest at tax sale, as alleged, and denied the alleged nullity of the sales. He again reurges his plea of prescription of three and five years and his plea of res adjudicata.
The trial of the suit resulted in a judgment recognizing plaintiffs as the owners of the property and ordering the cancellation of the tax sale to Wiley H. Sharp and of the sale from Wiley H. Sharp to defendant Simpson H. Sharp. Defendant has appealed.
Of the several defenses urged against this suit is one which appears to be an absolute bar to the plaintiffs' action, that is, the prescription of three years as provided for by Article Ten, Section Eleven of the Constitution of 1921, the Constitution then in force and effect at the time of the tax sale of May 24, 1928.
The pertinent provisions of Article Ten, Section 11, reads as follows: "No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * * within three years from the date of the recordation of the tax deed * * *." A like provision is found in the Constitutions of 1913 and 1898, Art. 233, Second paragraph, with the further provision that a tax sale could be set aside after three years on proof of dual assessment. The jurisprudence has added another exception to the operation of prescription under these constitutional articles, that is, when the original owner or tax debtor was in the real, natural, physical or corporeal possession of the property sold.
In so far as the record discloses, there was no dual assessment of the property or any part thereof, nor any prior payment of the taxes on the whole or part of the property in contest prior to May 24, 1928, the date of the tax sale of an undivided half interest in the property to Wiley H. Sharp.
There is no evidence in the record to the effect that plaintiffs were in the real, natural, physical or corporeal possession of the property at the time of the said sale or thereafter, and plaintiffs do not make any contention of such possession. *Page 344 
The only ground alleged for the annulment of the said tax sale is that the undivided one-half of plaintiffs' property was illegally assessed for the year 1927 in the name of Simpson H. Sharp, who was not then the owner of any such interest.
It is now well settled that, under the provisions of Article 233 of the Constitution of 1898 — retained in Article 10, Section 11, of the Constitution of 1921 — a sale for taxes is not subject to annulment on the ground that the sale was made under an assessment to one who was not the owner of the property if the suit for annulment is brought after three years from the date of the recording of the tax deed. See Terry v. Heisen et al., 115 La. 1070, 40 So. 461; Griffing et al. v. Taft,151 La. 442, 91 So. 832; Nylka Land Co., Ltd., v. City of New Orleans,166 La. 786, 117 So. 918; Tillery v. Fuller et al., 190 La. 586,182 So. 683; Ward et al. v. South Coast Corporation et al.,198 La. 433, 3 So.2d 689; Byrne v. Commercial Security Co., 7 La.App. 667, and many other cases too numerous to mention.
Under this well established jurisprudence, plaintiffs' attack on the tax sale of May 24, 1928, must be denied, and the plea of prescription or peremption should have been sustained.
In the brief, and in oral argument, plaintiffs contend that Wiley H. Sharp was an interposed party for Simpson H. Sharp in the purchase of the property on May 24, 1928, in that Wiley H. Sharp is the son of Simpson H. Sharp. There are no allegations in plaintiffs' petition charging collusion between Wiley H. Sharp and Simpson H. Sharp in the tax sale and the sale to Simpson H. Sharp and no attempt whatever was made on the trial of the case to show any such collusion. The sales are not attacked for want of good faith between the parties. The tax purchaser, for the purpose of upholding the three years' prescription as provided for by the Constitution, need not take actual physical possession of the property purchased at tax sale as long as the tax debtor is not in the physical possession of the said property. The tax deed in this case is prima facie evidence of a valid tax sale. The sale from Wiley H. Sharp to Simpson H. Sharp states a valid consideration was paid.
The mere fact that Wiley H. Sharp was the son of Simpson H. Sharp is one of the circumstances to be taken into consideration, if the deeds had been attacked on the ground of collusion, but it is not conclusive to the fact that Wiley Sharp was merely acting for his father. In order to annul the tax sale on this ground, the court would of necessity have to travel outside of the record made up by the pleadings and evidence and enter the field of conjecture. The case of Reeves v. Felder, La.App., 6 So.2d 688, relied upon by the plaintiffs, is altogether inapplicable, for in that case the attack was directly based on the alleged collusion that had taken place and in which the facts amply supported the charge.
Act 38 of 1908 was intended as a particular form of action to adjudicate titles to real estate, where neither of the claimants is in actual possession of the land. In such action the judge is called upon to decide which of the claimants is the owner of the land in dispute. In this case, the land in dispute is an undivided 1/2 of the SE 1/4 of NW 1/4, E 1/2 of SW 1/4, and NW 1/4 of SW 1/4, Sec. 2, Tp. 9 S, R-5-E in Livingston Parish.
We, therefore, conclude that plaintiffs have no title to the property in dispute in this case, and that the defendant claimant is the owner of the land involved in this litigation.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided and reversed, and that the demand of plaintiffs be rejected and their suit dismissed at their costs.
It is further ordered, adjudged and decreed that the plea of prescription or peremption of three years as provided for by Article 10, Sec. 11 of the State Constitution be and the same is hereby maintained and accordingly the said defendant Simpson H. Sharp is declared to be the owner of an undivided 1/2 interest in and to the SE 1/4 of NW 1/4, E 1/2 of SW 1/4, and NW 1/4 of SW 1/4, Sec. 2, Tp. 9 S, R-5-E, situated in Livingston Parish. *Page 345