44 So.2d 818

**DI GIOVANNI et al. v. CORTINAS.**

No. 38713.

Jan. 9, 1950.

Rehearing Denied Feb. 13, 1950.

Stanley McDermott, New Orleans, for plaintiffs and appellants.

John R. Perez, Sr., John R. Perez, Jr., New Orleans, for defendant and appellee.

PONDER, Justice.

The plaintiffs brought suit against the defendant seeking to redeem property sold at three tax sales and, in the alternative, to annul the tax deeds. The plaintiffs asked for the return of rents alleged to have been wrongfully collected from their tenants by the defendant. The defendant's answer is in the nature of a general denial and a denial of any prior ownership of the property in the plaintiffs' predecessor in title. On trial of the case, the lower court rejected the plaintiffs' demands and dismissed their suit. They have appealed.

Philip Ferrara acquired two lots of ground in the City of New Orleans from the Tulane Investment Company, Inc. by deed dated October 13, 1902 described as being situated in the third district in square 1501, bounded by St. Anthony, Hope, Law and Bourbon Streets. Philip Ferrara died on June 28, 1928 leaving a widow and four children, the plaintiffs herein. His succession was opened in the Civil District Court for the Parish of Orleans and a judgment was rendered sending the plaintiffs into possession on June 1, 1931, wherein his widow was decreed the owner of an undivided one-half interest in the property as surviving spouse in community and as usufructuary of the other undivided one-half interest. The children were recognized as the heirs of the decedent and decreed the owners of a one-half interest in the property subject to the usufruct. This judgment was recorded in the Conveyance Office on June 2, 1931. The assessment of the property was continued in the name of Philip Ferrara and it was assessed in his name during the years 1938, 1939 and 1940 under the following description, Lots 9 and 10, Square ———, Seventh Ward, Third Municipal District, measuring 106 by 128 feet. The property was sold by the City of New Orleans to the Atlantic Municipal Corporation under the name of Philip Ferrara for unpaid taxes for the year 1938 and a deed was executed to the corporation on November 3, 1939 wherein the property was described as lots 9 and 10, bounded by St. Anthony, Hope, Law and Bourbon Streets. This deed was recorded in the conveyance records on November 4, 1939. The property was sold again by the City of New Orleans in 1940 to this same corporation under the

name of Philip Ferrara for the unpaid taxes of 1939, deed dated October 22, 1940 and recorded in the conveyance records on October 23, 1940. The property was again sold to this corporation by the city under the name of Philip Ferrara in 1941 for the unpaid taxes of 1940, deed dated October 23, 1941 and recorded in the conveyance records on October 24, 1941. The plaintiffs continued in possession of the property after the death of Philip Ferrara. We find in the record two letters written by a representative of the Atlantic Municipal Corporation during the month of January 1943 wherein the corporation informed Mrs. Philip Ferrara of the amount required to redeem the property and stated that if she did not make settlement within a short time that this representative of the corporation would call on her tenant and notify him to pay the rent to the corporation. On February 13, 1943 the corporation executed a quit claim deed to the defendant Joseph M. Cortinas conveying this and other property without warranty. The plaintiffs' tenants have refused to pay them the rent since that date and have been paying it to the defendant. The present suit was filed October 27, 1944.

�" The plaintiffs' right to redeem the property has expired under the provisions of Article 10, Section 11 of the Constitution of 1921, as amended, wherein it is provided that property sold for the payment of delinquent taxes "shall be redeemable at any time during three years from date of recordation of the tax sale." The plaintiffs contend that there is an exception to the literal application of this provision of the constitution that interrupts the running of the redemptive period, viz.: the continued possession of the property by the owner after the tax sale. They cite Pill v. Morgan, 186 La. 329, 172 So. 409 and many other decisions of this Court to support their contentions. All of the authorities cited as well as the recent decision in the case of Westover Realty Company v. State, 208 La. 163, 23 So.2d 33 are to the effect that the peremption established for tax sales by the Constitution requiring actions to set aside such sales to be brought within three years, now five years, from the date of the recordation of the tax deeds does not accrue when the owner remains in corporeal possession of the property. These decisions relate solely to actions to annul or set aside tax sales and not to the period of time in which property may be redeemed. The defendant contends that the plaintiffs are without interest to attack the tax deeds because it was held in the cases of Venta v. Ferrara, 177 La. 433, 148 So. 670 and Venta v. Ferrara, 195 La. 334, 196 So. 550 that the plaintiffs did not own the property. He takes the position that a mere possessor cannot bring an action of nullity. It is true that it was held in the Venta cases that the plaintiffs did not own the property but the latter case was remanded in order that the Ventas might elect whether they would keep the improvements placed thereon by the plain-

tiffs and reimburse the value thereof or reimburse the sum equal to the enhanced value of the soil. The plaintiffs' calls in warranty were reinstated and the taxes paid by them were to be reimbursed by the Ventas. It does not appear that the Ventas have taken any steps to comply with the judgment or made any effort to obtain possession of the property. The plaintiffs clearly have an interest in the property and have continued to remain in possession of it.

The defendant contends that neither the Ventas or the Ferraras ever acquired lot ten. We find in the record a quit claim deed from one Queyrouze to the defendant purporting to transfer lot 10 to the defendant, but there was no issue made in the pleadings that the defendant was relying on a title emanating from another source and there is no chain of title to support the quit claim. We are in no position to state, after review of this record, who is the actual owner of lot 10. But be that as it may, the defendant is in no position to question the right of the plaintiffs to attack these tax deeds, made in the name of the plaintiffs' husband and father, when the defendant is relying on them to establish his ownership to whatever property they might convey. The plaintiffs have a right to annul the tax sales if their right of action is not perempted.

■ Under the provisions of Article 10, Section 11 of the Constitution of 1921, as amended, the plaintiffs have a right to attack these deeds any time within the five year period and it is well established that the peremption of five years does not accrue while the tax debtor is in the corporeal possession of the property. This court has so held in many decisions. We will refer to some of these decisions. See Pill v. Morgan, supra, and the decisions cited therein to the effect that this peremption does not apply when the owner remains in corporeal possession of the property. In Westover Realty Company v. State, supra, it was pointed out that owners continuing in possession of the property, notwithstanding the tax sale, operates as a continuous protest against the sale.

■ This property was sold in the name of a dead person. Ferrara died in 1928 and the first tax sale was made in 1939, some eleven years after his death. His widow and heirs were put in possession of the property and the judgment was recorded in the conveyance records in 1931. It was pointed out in the case of Nylka Land Company v. City of New Orleans, 166 La. 786, 117 So. 918, 919 that "it is well settled that a tax sale made under an assessment in the name of one who is not the owner of the property, either in fact or according to the public records, is not a valid sale, unless and until the illegality is cured by the prescription of three years." The peremptory period now has been extended to five years. In the case of Federico v. Nunez, 173 La. 957, 139 So. 18 where property was sold in the name of a

dead person, it was pointed out that the word "delinquent" as used in the constitution requiring notice to be given to the delinquent before sale of property for taxes means the owner at the time of issuing the notice. It was further pointed out therein that a notice addressed to a dead person was no notice at all. From a reading of that case it is apparent that a tax sale of property in the name of a dead person without giving notice to the actual owners is null and that it is the duty of the tax collector to consult the records to ascertain who are the actual owners of the property and serve notice on them. This was not done in the present case.

In the case of Martin v. Serice, 200 La. 556, 8 So.2d 538, this court again stated that the notice of the tax delinquency must be served on the owner of record at the time of the advertisement and sale of the property. The notices in this case were addressed to Philip Ferrara and not addressed to the record owners. The names of the record owners could have been easily ascertained by an examination of the conveyance records. The return on the notices show that one was delivered to Mrs. P. Ferrara, another does not show on whom it was served, and the other purports to have been served on Philip Ferrara. The plaintiffs were not given the notice of the tax sale that the law contemplates and they have not abandoned or been legally divested of their possession of the property.

The evidence as to the amount of taxes paid by the defendant and the amount of rents due the plaintiffs is not sufficient for us to accurately determine what is due to either of them. In the interest of justice the case will be remanded in order that the parties litigant may have an opportunity to introduce additional evidence to establish their claims in this respect.

For the reasons assigned, the judgment of the district court is annulled and set aside. The case is remanded to the district court in order that additional evidence may be introduced by the parties to the suit concerning the amount of taxes due the defendant by the plaintiffs and the rents and revenues that may be due the plaintiffs from the defendant, and, upon determination of such amounts by the district court, that a proper judgment be rendered regarding these claims. It is further ordered that the three tax deeds of dates November 3, 1939, October 22, 1940 and October 23, 1941, purporting to convey the property to the Atlantic Municipal Corporation, are annulled and the quit claim from the Atlantic Municipal Corporation to Joseph M. Cortinas of date February 13, 1943 is annulled insofar as it purports to transfer the property acquired at these tax sales upon the plaintiffs reimbursing the defendant or depositing in the registry of the court the amount of taxes and costs paid by the defendant with 10% per annum interest on the amount of the price and

taxes paid from date of respective payments in compliance with Article 10, Section 11 of the Constitution of 1921, as amended. All costs to be paid by the defendant.

McCALEB, J., dissents in part with written reasons.

McCALEB, Justice (dissenting in part).

I am in accord with the ruling that plaintiffs have lost any right that they might have had to redeem the property as more than three years have elapsed since the recordation of the tax sales. But this ruling should end the case as counsel for plaintiffs stated to this court during oral argument that he was not pressing the alternative claim for nullity of the tax sales.

However, apart from counsel's abandonment of the alternative contention, it seems plain to me that the claim is wholly without merit as it has not been made within the five year period of peremption provided by Section 11 of Article 10 of the Constitution. The argument that the peremption has not accrued because plaintiffs were in corporeal possession of the property is not well founded for the reason that peremption can only be suspended in cases where the *owner* of the property has remained in actual corporeal possession. See Baldwin Lumber Co. v. Dalferes, 138 La. 507, 70 So. 493; Kivlen v. Horvath, 163 La. 901, 113 So. 140 and Westover Realty Co. v. State, 208 La. 163, 23 So.2d 33.

That plaintiffs are not the owners of the property has already been twice decided by this court in Venta v. Ferrara, 177 La. 433, 148 So. 670 and Id., 195 La. 334, 196 So. 550. In view of these adjudications, I am at a loss to understand the conclusion of the majority forasmuch as, whatever be the nature of plaintiffs' possession, they are without standing in court to attack the tax sale where they are without title to the property. In Jackson v. Mixon, 110 La. 581, 34 So. 695, the syllabus of the court states: "Persons who are not the owners, of record or otherwise, of property assessed and sold for taxes, and who have thereafter acquired no title to the same, have no interest or standing to prosecute a suit to annul the sale."

I think that the judgment of the district court should be affirmed.

LE BLANC, J., joins in MaCALEB'S dissent.