JANVIER, Judge.
By a decree rendered on January 9, 1950, (rehearing refused February 13, 1950) the Supreme Court of Louisiana held that the plaintiffs are the owners of a certain piece of property, the title to which had been in dispute between plaintiffs and defendant, and that the defendant had collected from the property an undetermined amount of rents and revenues for which he must account to plaintiffs, and that, on the other hand, the defendant might have paid an undetermined amount of taxes and costs on the property for which he should be given credit by plaintiffs.
The matter was remanded to the Civil District Court for the Parish of Orleans in order that additional evidence might be introduced by the parties “concerning the amount of taxes due the defendant by the plaintiffs and the rents and revenues that may be due the plaintiffs from the defendant.” The Supreme Court also in its decree ordered that “upon determination of such amounts by the district court, * * * proper judgment be rendered regarding these claims.” See Di Giovanni v. Cortinas, 216 La. 687, 44 So.2d 818, 821.
After what seems to have been a complete hearing in the Civil District Court, at which plaintiffs and defendant offered evidence concerning the claims for rents and revenues and the counterclaim for taxes, judgment was rendered on December 8, 1952, in favor of plaintiffs and against defendant in the sum of $1,004.56, with legal interest from the date of the judgment.
Concerning the claim of the defendant for taxes and costs the judgment contains the following recital:
“ * * * defendant having failed to establish any amount evidencing payment by him of the taxes and costs in the three tax sales which have been annulled by the Supreme Court of the *752 State of Louisiana, the said claim is rejected and stands satisfied; * *”
This judgment was signed on December 12, 1952. Suspensive appeal was prayed for and order of appeal was granted, but counsel for defendant now concedes in his brief and in oral argument that this appeal of defendant was abandoned.
After the judgment had become final and the appeal had been abandoned, the bank account of defendant in the Whitney National Bank of New Orleans was seized. Three days after the seizure of the bank account, defendant Cortinas filed in the Civil District Court a document styled “Rule to Show Cause.” In it he stated that, since the rendition of the judgment, he had collected additional revenues amounting to $140; that therefore the gross amount due by him to plaintiffs was $1,254.14, but that there was due by plaintiffs to him for taxes which he had paid $18.76, and that there was also due to him by plaintiffs $493 which he had paid for paving, and that therefore there was due by him to plaintiffs a net amount of only $642.38. He further averred that he had tendered to the attorneys for plaintiffs a check for this amount.
He then averred further that, in the ordinary course of procedure, the defendant would file a rule against the bank seeking the delivery of a sufficient amount from the bank account of defendant to satisfy the judgment, but that the amount which should be paid over by the said bank should be only $642.38, which would be the net amount due should he, defendant, be given credit for the taxes and paving costs set forth in the so-called rule.
On the filing of this document defendant obtained an order requiring the said bank, the plaintiffs and the Civil Sheriff to show cause why the said bank should pay over only $642.38 and no more. To this rule plaintiffs filed an exception of no cause of action and, in addition, pleaded “in bar of this action” the judgment in their favor from which the defendant had not perfected an appeal.
By agreement of counsel the Whitney National Bank was ordered to pay to the Civil Sheriff out of the account of defendant $684.80 and to deposit in the registry of the court $495.29 “to await the further orders of this court.”
It is apparent that it was understood that even if the defendant was entitled to credit on the judgment for the additional taxes and for the paving, he would still owe to plaintiffs $684.80 and that is the amount which was ordered to be paid over, and it seems to have been also the understanding that if, as a result of the so-called rule which defendant had filed, he could not obtain credit for the items set forth therein, he would owe an additional $495.29, and this was the amount which was ordered deposited in the registry of the Court to await a judgment on this rale.
When the matter came up for hearing the exception of no cause of action was maintained and the rule dismissed and defendant, Cortinas, has appealed from the judgment dismissing the rule.
The exception of no cause of action is based on the theory that the rale is an attempt to amend a judgment which has become final and from which no appeal has been taken.
Counsel for defendant, mover in rule, states orally and in brief that he does not question the fact that a judgment “may not be altered after rendition except by appeal,” but that this is not an attempt to alter or amend a judgment, but is merely an attempt to obtain credit for amounts paid for the account of the judgment creditor and that defendant is within his rights in attempting to show that he has expended money for the plaintiffs and is entitled to deduct from the amount of the judgment the amount so expended by him.
We cannot agree that this is not an attempt to amend the judgment. The judgment is for a fixed and liquidated amount. To allow the defendant to do what he is attempting here would be to permit him to use an unliquidated claim to offset pro tanto the judgment which has *753 become final. It is clear that the judgment which has become final may not be amended on any such rule to show cause. Code of Practice, article 556.
If defendant has any claim he should have asserted it when the matter was heard in the District Court after it had been remanded by the Supreme Court for proof of just such items as are claimed by defendant now. Possibly his claim may be asserted in some other direct action. Certain it is that he may not at this state of the proceedings reduce the amount of the judgment by such a method as is attempted here.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.