374 So.2d 1226 (1979)
SECURITIES MORTGAGE COMPANY, INC.
v.
Andrew TRIPLETT, et ux.
No. 64076.
Supreme Court of Louisiana.
September 4, 1979.
*1227 W. Steven Mannear, Baton Rouge, for intervenor-applicant (Wyema P. lee).
J. D. DeBlieux, Law Offices of J. D. DeBlieux, Kenneth L. Riche, Dodd, Barker, Avant, Wall & Thomas, Baton Rouge, for defendants-respondents.
CALOGERO, Justice.
The major issue in this case concerns the validity of the tax sale of the defendants' property to Ms. Wyema Lee. It comes before us in litigation initiated by Securities Mortgage Company, Inc., mortgagee of the property. The trial court and the Court of Appeal held the tax sale was valid but unconfirmed, because, in their view, the continued physical possession of the property by the tax debtor interrupted the running of the constitutionally provided three year redemptive period. Thus, plaintiff's mortgage was held valid. We granted writs upon application of the tax purchaser, Ms. Lee, who contends that the continued physical possession of the property by the tax debtor did not in fact interrupt the running of the three year redemptive period.
The facts as resolved in the lower courts and as we find established in the record are set forth in the opinion of the Court of Appeal as follows:
"On September 23, 1965, Andrew Triplett purchased Lot 21 of Square 8, Suburb South Baton Rouge Subdivision, in East Baton Rouge Parish, Louisiana, located *1228 at 1912 Colorado Street in the City of Baton Rouge, as the Triplett family home. In connection with the purchase, Andrew Triplett and his wife, Ida Mae Triplett, executed a demand promissory note in the sum of $6,700.00, secured by a collateral mortgage on said property, which mortgage is held by Securities Mortgage Company, Inc., the plaintiff herein. On May 10, 1971, Ida Mae Triplett left the family home for personal reasons. Since that date, the Tripletts have been divorced, and Mrs. Triplett has not returned to the home. Andrew Triplett continued to reside at the family home until the end of 1973. At that time, the Tripletts' son, Gerald, took up residence at the family home and was residing there at the time of the trial. Prior to 1971, all property taxes were paid by the Tripletts. However, the 1971 property taxes, $14.63, were not paid and became delinquent on January 1, 1972." (Securities Mortgage Company, Inc. v. Triplett, 368 So.2d 480, La.App. 1st Cir. 1979)
On March 30, 1972, a property tax delinquency notice was sent by certified mail, return receipt requested, to Andrew Triplett at his home, which was the property upon which the taxes were delinquent. The envelope containing the notice was returned to the tax collector marked "undelivered", and marked with a further notation which appears to be "notified, 3/30/72". The postman testified as to the regular procedures for handling certified mail. (He first attempts delivery. If no response within three minutes, he leaves a yellow slip in the mail box directing the occupant to pick up his certified mail at the post office. The postman then places a notation on the letter and returns it to the post office. The post office later sends out two more notices to the occupant directing him to come pick up his mail.) The postman then testified that he could not remember handling the letter in question, but did say that the notation "notified 3/30/72" was in his handwriting. Mr. Triplett did not actually receive the delinquency notice. It was returned to the tax collector.
As also found by the Court of Appeal,
"On May 24, 1972, the subject property was sold at a tax sale to Wyema P. Lee, the intervenor herein, with the deed being executed on June 9, 1972 and recorded in the public records of East Baton Rouge Parish on June 12, 1972. The tax purchaser filed a petition for monition on August 31, 1976. Pursuant to the monition proceeding, the tax purchaser obtained a judgment homologating and confirming her title to the subject property on October 19, 1976."
The monition proceeding instituted was under R.S. 13:4942,[1] by advertisement. It was not in compliance with the requirements of R.S. 47:2228,[2] the procedure to quiet tax titles.[3]
*1229 On May 25, 1977, Securities filed suit against Andrew and Ida Mae Triplett on the promissory note and for recognition of its mortgage on the subject property. Andrew Triplett answered Securities' suit and reconvened against the company for damages; he also filed a third party demand against the tax purchaser contending that the tax sale was null because of lack of sufficient notice. Ida Mae Triplett filed similar pleadings as Andrew's, but also third partied Andrew on an alternative claim for damages caused by his negligence in losing her interest in the subject property. Wyema Lee, the tax purchaser, answered the allegations against her and intervened to have Securities' mortgage cancelled and to have her title to the property declared valid and not subject to redemption.
Judgment in the trial court was rendered in favor of the plaintiff, Securities, and against the defendants, Andrew and Ida Mae Triplett, for the balance due on the promissory note. The reconventional demands of the defendants were dismissed. The third party demands of the defendants against the tax purchaser, Ms. Wyema Lee, seeking to nullify the tax sale were dismissed. It was further decreed that the intervenor, Lee, had good but unconfirmed title to the property, and since the title was unconfirmed, the mortgage on the property in favor of Securities was recognized. It was further provided, "that there be judgment herein declaring that as of the date of this judgment and as long as Andrew Triplett or his agents or representatives are in physical possession of the premises described as Lot 21, Square 8, Suburb South Baton Rouge, East Baton Rouge Parish located at 1912 Colorado Street, Baton Rouge, La., the three year redemptive period applicable to redemption of property sold by tax deed shall not commence to run."
The Court of Appeal affirmed the judgment of the district court and adopted in full the trial judge's reasons for judgment. In his reasons for judgment, the trial judge made certain determinations with which we agree:
A.) The Tripletts had been in continuous physical possession of the subject property from acquisition in 1965 to the date of trial;
B.) Property sold by tax sale is redeemable for three years after the date of recordation *1230 of the tax deed, and if it is not so redeemed, the recorded deed itself will operate as a cancellation of all conventional mortgages. R.S. 47:2183;
C.) Plaintiff was entitled to recover the balance due on the promissory note plus interest;
D.) Where notice of the tax delinquency was sent to the home of the tax debtor by certified mail with return receipt requested, and the only reason the tax debtor did not receive it was because he did not go to the post office and pick it up as directed several times, it was sufficient notice for tax sale purposes. Carey v. Green, 177 La. 32, 147 So. 491 (La.1933) was held controlling;
E.) The fact that Ida Mae Triplett did not receive a tax delinquency notice was of no moment, for notice must only be sent to the record owner. United States v. Blair, 331 F.Supp. 1277 (1971); Martin v. Serice, 200 La. 556, 8 So.2d 538 (La.1942). Since Andrew was the record owner of the property at the time of the mailing of the delinquency notice, the law only requires that such notice be sent to him. R.S. 47:2180;
F.) The Tripletts' reconventional demand for damages and their defense of equitable estoppel to the plaintiff's demand for payment of the note were without merit. Although the creditor had the right to pay the taxes if the Tripletts did not, he was not compelled to do so;
G.) There is no merit to the Tripletts' claim that usurious interest was charged.
The part of the lower court judgment which prompted our granting this writ was its determination that the three year redemptive period was interrupted by the continuous physical possession of the subject property by the tax debtor after the tax sale.
Article 10, § 11 of the Constitution of 1921, subsequently continued in Article 7, § 25 of the Constitution of 1974, provides: "The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent thereon, and interest at the rate of one percent per month until redemption." Further provisions of the constitution allow the tax debtor to attempt to annul a tax sale within five years of recordation of the tax deed. This Court has repeatedly held that this five year prescriptive period is suspended by the tax debtor's continued physical possession of the property. Pill v. Morgan, 186 La. 329, 172 So. 409 (La.1936); DiGiovanni v. Cortinas, 216 La. 687, 44 So.2d 818 (La. 1950); Magnolia Petroleum Co. v. Marks, 225 La. 805, 74 So.2d 36 (La.1954); Robinson v. Mafrige, 229 La. 376, 86 So.2d 72 (La.1956), and Gulotta v. Cutshaw, 283 So.2d 482 (La.1973).
In the case under consideration, the lower courts held that, like the five year prescriptive period, the three year redemption period is suspended as long as the tax debtor remains in physical possession of his property after the tax sale. However, the jurisprudence in this Court is to the contrary.
The Court of Appeal relied on Cook v. Morgan, 142 So. 279 (La.App. 2nd Cir. 1932); Grieshaber v. Cannon, 339 So.2d 445 (La.App. 1st Cir. 1976) and Gulotta v. Cutshaw, 283 So.2d 482 (La.1973). We believe these cases are not applicable and that Di-Giovanni v. Cortinas, supra is controlling. Both the Grieshaber and the Gulotta cases dealt with the five year period for contesting the validity of the tax sale and not the three year redemptive period. The Cook case, although it did not mention either the three year or the five year period, addressed the issue of the validity of a tax sale and not whether the tax debtor could redeem.
In DiGiovanni, the plaintiff, the tax debtor, brought suit against the defendant, vendee of the tax purchaser, in 1944, seeking to redeem property sold at a tax sale and, in the alternative, to annul the tax deed. Plaintiff was in possession of the property from 1931, when her husband died, until suit was filed. The property was sold for taxes in 1939. The court ultimately held that the possession of the property by the plaintiff did not interrupt the running *1231 of the three year redemptive period. Thus plaintiff could not redeem. But, her possession of the property did interrupt the running of the five year period. Therefore, she could sue to annul the tax deed based on irregularities in the sale.
Defendants' reliance upon Carey v. Cagney, 107 La. 77, 33 So. 89 (La. 1902) and Bonvillain v. Richaud, 153 La. 431, 96 So. 21 (La.1923) is ill placed. In both of these cases, when the courts made the statement that the prescriptive period for tax sales was interrupted by the physical possession of the property by the owner, they were referring to the period for annulling the tax sale due to an asserted invalidity. They were not referring to the period for redemption. While the five year period within which the tax debtor can annul a tax sale is interrupted by the physical possession of the property by the owner, the three year period is not. DiGiovanni v. Cortinas, supra; Bradford v. Patterson, 159 So.2d 342 (La.App. 2nd Cir. 1963); Finley v. Abbitt, 190 So.2d 656 (La.App. 2nd Cir. 1966); La. Const.1921, art. X, § 11 and as carried forward in La.Const.1974, art. VII, § 25; and R.S. 47:2221.[4]
The tax debtor's only recourse once the three year period has run and he has failed to redeem, is to bring an action attacking the validity of the tax sale. As stated previously, this action must be brought within five years from the date of recordation of the tax deed, unless this period has been interrupted by the physical possession of the property by the debtor. In this case, Mr. Triplett did bring his third party demand against the tax purchaser attacking the validity of the tax sale within the five years. Additionally, that five year period was also interrupted by the continuous physical possession of Mr. Triplett. Therefore, the defendant's attack in this case was timely.
Defendants contended that the tax sale was invalid because they did not receive actual notice of the tax delinquency and the impending sale. The lower courts found that the tax sale was valid notwithstanding the fact that the defendant did not receive actual notice. Although the defendants' position on this issue is not completely without arguable merit, we conclude that the Court of Appeal was correct. In this case, the notice of tax delinquency was sent to the proper address of the defendant. In fact, it was sent to his home, which was also the property in question. The notice was sent by certified mail, return receipt requested as statutorily required. When the postman attempted delivery, he found no one home. He then left a yellow slip, directing the defendant to pick up the certified mail at the post office. Two more similar slips were delivered to the home of the defendant. The only reason the tax debtor did not receive his tax delinquency notice is because he did not go to the post office and pick it up as directed several times.[5]
Therefore, because the tax sale was valid, and the three year redemptive period *1232 had passed, the tax debtor's possession is irrelevant. The purchaser's tax title is valid and redemption is no longer available to the tax debtor.
Since the tax purchaser's title is valid, Securities' mortgage must fall. R.S. 47:2183 provides that property is redeemable for three years after recordation of a tax deed. The statute further provides: "if not redeemed, such record in the conveyance or mortgage office shall operate as a cancellation of all conventional and judicial mortgages." Therefore, insofar as the judgment of the Court of Appeal recognized Securities' mortgage on the property, it must be reversed.
The Tripletts' third party demand to invalidate the tax deed must be dismissed. Their reconventional demand against Securities for damages, as well as their defenses to the note (equitable estoppel and usury) are all without merit for the reasons stated by the Court of Appeal.
With respect to Ida Mae Triplett's alternative claim against Andrew for damages allegedly caused by Andrew's negligence in losing the property, we remand. This issue was dismissed by the lower courts because they found that Andrew did not lose the property. In light of our contrary finding in this regard, we must remand this issue to the district court for further consideration.

Decree
For the foregoing reasons, the judgment of the lower court in favor of Securities Mortgage Company and against the Tripletts on the note is affirmed; it is also affirmed insofar as it dismisses defendants' reconventional demands. The judgment is reversed insofar as it held the three year redemptive period is interrupted by the owner's physical possession of the property. Ms. Lee now has a valid and confirmed title to the subject property. The case is remanded to the trial court for consideration of Ida Mae Triplett's claim against Andrew Triplett.
JUDGMENT AFFIRMED IN PART; REVERSED IN PART; REMANDED TO THE DISTRICT COURT.
NOTES
[1] Louisiana Revised Statute 13:4942 provides as follows:

"The purchasers, if the purchase has been made within the limits of the parish of Orleans, shall publish three times, or if the sale has been made out of the limits of Orleans parish, shall publish the same for the space of time and in the manner required for advertising judicial proceedings, a monition calling on all persons who can set up any right to the property, in consequence of informality in the order, decree or judgment of the court, under which the sale was made, or any irregularity or illegality in the appraisement and advertisement, in time and manner of sale, or for any other defect whatsoever, to show cause within thirty days from the day the monition is first inserted in the public papers, why the sale so made should not be confirmed and homologated."
[2] Louisiana Revised Statute 47:2228 provides as follows:

"After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation. This suit shall be brought in the parish where the property is situated unless it lies in two or more parishes, in which case this suit may be instituted in either of such parishes. The petition and citation shall be served as in ordinary suits; provided, that if the former proprietor be a nonresident of the state, or unknown, the court shall appoint a curator ad hoc to represent him and receive service, and said curator shall receive for his services a reasonable fee to be fixed by the court in each suit, the same to be taxed as costs of suit. After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been instituted, judgment shall be rendered quieting and confirming the title.
In all cases where tax titles have been quieted by prescription of five years under the provisions of Section 11 of Article X of the Constitution of 1921, the purchaser or his heirs or assigns may, if he or they so desire, either obtain a judgment of the court confirming the title by suit in the manner and form as hereinabove set out, except that the delay for answer shall be ten days instead of six months, or the purchaser or his heirs or assigns may, at his or their option, quiet the title by monition proceeding, as provided by law relative to sheriffs' sales and tax sales; provided that the failure to bring suit shall in no manner affect such prescriptive titles." (Emphasis provided)
[3] The tax purchaser did not urge, in her brief or in oral argument in this Court, that her monition judgment was valid and res judicata. (Earlier in this litigation, she sought writs in the Court of Appeal on this issue. Writs were denied and she did not further pursue the matter.) It is well that she did not. While the monition proceeding is one means available to the tax purchaser to quiet his title, it is only available after the five year prescriptive period has run. If the tax purchaser chooses to quiet his title after only three years from the recordation of the tax deed, and before five years, he must serve the tax debtor with the petition and citation as in ordinary proceedings. R.S. 47:2228. In this case the tax purchaser brought a monition proceeding, commenced by advertisement pursuant to R.S. 13:4942, prior to the running of the five year prescriptive period. Her judgment in the monition proceeding thus did not serve as a valid confirmation of her tax title. Nor was it res judicata on the issue.
[4] In 1972, R.S. 47:2221 appeared as follows:

"Property sold at a tax sale shall be redeemable in accordance with Section 11 of Article X of the Louisiana Constitution."
In 1978, the statute was amended and now states:
"Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed."
Whatever effect the amendment may have on the constitutional and statutory scheme in the future concerning redemption, annulment of tax sales, and quieting tax titles, it does not affect the present case. All the facts of this case arose prior to the amendment.
[5] The tax purchaser complained that the issue of the validity of the tax sale is not properly before this Court because the tax debtor did not appeal from the judgment of the lower court which, in part, held that the tax sale was valid. The tax purchaser's position is a serious one and is in fact directly supported by the Court of Appeal decision in Bradford v. Patterson, supra. However, we find it unnecessary to pass on this procedural issue in light of the fact that we agree with the Court of Appeal's basic determination that the tax sale was valid.